MANUFACTURERS MUTUAL FIRE INS. CO. *vs.* WALTER L. CLARKE, City Treasurer.

JUNE 11, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Constitutional Law.   Acts of General Assembly.*

The court will make every intendment in favor of the constitutionality of an act of the General Assembly.

*(2)   Constitutional Law.   Taxation.*

The court will not receive evidence for the purpose of reviewing the judgment of the legislative branch of the government, but an act of the General Assembly must stand unless its repugnancy to the constitution appears upon its face or upon a consideration of facts of which the court can take judicial notice.

*(3)   Taxation.   Classification.*

The General Assembly may classify property and occupations for the purpose of taxation and within reasonable limits may impose different burdens upon the different classes, according like treatment to each individual of the same class.   In the exercise of this power it has a wide range of discretion.

*(4)   Constitutional Law.   Taxation.*

Pub. Laws, R. I. cap. 784, approved March 28, 1912, in subjecting mutual insurance companies to taxation on their intangible personal property and exempting stock insurance companies which pay a tax upon premiums and assessments under Section 35 of the Tax Act of 1912 from taxation on similar property is not obnoxious to Cons. R. I. Art. I, § 2, nor to Cons. U. S. Art. XIV of Amendments.

ASSUMPSIT to recover tax. Certified on constitutional question.

SWEETLAND, J. This is an action brought to recover the amount of a tax paid under protest by the plaintiff to the defendant as City Treasurer of Providence.

The constitutionality of the act under which said tax was assessed was brought in question upon the record in the Superior Court and the case has been certified to this court for the determination of such constitutional question.

The plaintiff is a corporation duly created and organized under the laws of this State and is doing business therein as a mutual fire insurance company. The law in accordance with the provisions of which said tax was assessed and the constitutionality of which is questioned is Section 5, Chapter 784 of the Public Laws, approved March 28, 1912, amending Paragraph Eleventh of Section 39, Chapter 769 of the Public Laws, approved February 15, 1912, the latter being called the Tax Act of 1912.

Section 5, Chapter 784, Public Laws, 1912, is as follows:

"Sec. 5. Paragraph eleventh of Section 39 of the Tax Act of 1912, is hereby amended to read as follows:

'11. Every mutual insurance company and every mutual surety company incorporated by this state, shall be liable to taxation on its intangible personal property in the town where the corporation is located. Every stock insurance company incorporated by this state which pays a tax upon premiums and assessments under the provisions of Section 35 of this act shall be exempt from taxation on its intangible personal property in the town or city where such corporation is located.' "

Section 35 of the Tax Act of 1912, referred to in this section is as follows:

"Sec. 35. Section 5 of Chapter 39 of the General Laws is hereby amended to read as follows:

'Sec. 5. Every mutual insurance company incorporated and doing business in this state shall annually, on the first

Monday in April, pay to the general treasurer a tax of one per centum, and every other insurance company incorporated and doing business in this state shall annually, on the first Monday in April, pay to the general treasurer a tax of two per centum, on the premiums and assessments received by such company during the year ending on the thirty-first day of December next preceding (without any deductions for dividends or unearned premiums applied in part payment of such premiums or returned to policyholders in cash or otherwise), on property and upon the lives of individuals insured by such company within the state, and on property and upon the lives of individuals insured by such company in any other state on which such company has not paid, and is not liable to pay a tax to such other state: *Provided,* that such companies issuing the standard form of fire policy prescribed by Chapter 222 of the General Laws may deduct from such premiums and assessments so much thereof as shall have been returned to the holders of such policies during said year upon cancellations thereof as required by Section 5 of said Chapter 222.' "

The constitutional question certified to us is as follows:

"Is the tax assessed by the assessors of the City of Providence against the plaintiff on its intangible personal property on the 15th day of June, 1915, illegal and void for the reason that the legislation, Chapter 784, Section 5 of the Public Laws of 1912, in accordance with which the tax was assessed is repugnant to and in violation of Article I, Section 2 of the Constitution of Rhode Island which requires that the burdens of the State ought to be fairly distributed among its citizens, and Article XIV of the Amendments to the Constitution of the United States which requires that no state shall deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws, the effect of such legislation being, to relieve stock insurance companies incorporated and doing business in this state from taxation upon their intangible personal property while subjecting

mutual insurance companies incorporated and doing business in this state to taxation upon their intangible personal property?"

The plaintiff claims that the statute in question, by making the plaintiff liable to taxation on its intangible personal property and by exempting stock insurance companies incorporated by this state from such taxation, creates an unjust and arbitrary discrimination against it as a mutual fire insurance company incorporated by this state and in favor of said stock fire insurance companies; that such stock fire insurance companies and the plaintiff are each engaged in the same kind of business and belong to the same class.

The plaintiff has sought to introduce evidence before us tending to show the inequality between the burden of taxation imposed upon it and that placed upon certain stock fire insurance companies under the provisions of said section. The plaintiff contends that unless it is permitted to introduce such evidence this court will be unable either to see that the alleged discrimination exists or to appreciate its extent. This court will make every intendment in favor of the con-

(1) stitutionality of an act of the General Assembly. It is generally recognized that while the burden of taxation should be distributed fairly among the citizens, absolute fairness and equality is unattainable. *In re Dorrance-Street,* 4 R. I. 230. We must assume that the General Assembly in enacting said law had in mind the constitutional direction and restriction; and that after a consideration of all the facts bearing upon the matter did so impose the burdens of taxation provided for in said section as to its judgment seemed reasonably fair and equal. If in our opinion the plaintiff was justified in its contention that although they differed in the manner of carrying on their respective businesses nevertheless the plaintiff and the stock fire insurance companies were of the same class for the purpose of taxation, we should still decline to consider the evidence which the

(2) plaintiff sought to offer. The only reason for receiving such evidence would be to assist us in reviewing the judgment

which the General Assembly must be presumed to have made
that the provision for taxation of insurance companies con-
tained in said Section 5, in conjunction with other provisions
of the tax law of 1912, was fair and equitable toward both
the mutual and the stock companies.   We will not, however,
enter upon such a review of the judgment of the legislative
branch of our government.   An act of the General Assembly
must stand unless its repugnancy to the constitution appears
upon its face or upon a consideration of facts of which the
court can take judicial notice.   It has generally been held
by the federal and state courts that extrinsic evidence will
not be received for the purpose of impeaching the constitu-
tional validity of a legislative act.   *Powell* v. *Pennsylvania*,
127 U. S. 678; *Tenement House Department v. Moeschen*, 179
N. Y. 325; *Pittsburgh &c. R. R. Co.* v. *State, 180 Ind. 245;
Stevenson* v. *Colgan*, 91 Cal. 649.

It is within the power of the legislature to classify persons
and property for the purpose of taxation and to impose
different burdens upon different classes; provided such
(3) classification is nor unreasonable nor arbitrary, but is based
upon differences indicating "a reasonable and just relation
to the act in respect to which the classification is proposed."
The authority of the legislature in the exercise of its police
power and its power of taxation to make classification of
persons and property has frequently been considered in
cases involving alleged violations of the Fourteenth Amend-
ment to the Constitution of the United States.   The growing
tendency is apparent on the part of the State and Federal
courts to hold that where a difference appears it need not be
great nor conspicuous to warrant classification by the
legislature.   In *Opinion to the Governor*, 24 R. I. 603, this
court considered the so-called "Ten Hour Law" for street
railway employees, and held that the provision excepting
from its operation employees working under written con-
tracts did not amount to an arbitrary classification.   In
*State* v. *Brown & Sharpe Mfg. Co.*, 18 R. I. 16, this court
upheld the classification contained in the weekly payment

law which applied to corporations and not to individuals and partnerships.

In the matter at bar there is a distinction between the methods of doing business and the nature and amount of the intangible personal property of stock and mutual fire insurance companies. In the case of a mutual company there is no capital stock upon which taxes are assessed, while in stock companies the capital stock is taxable to the owners thereof. The companies of each form are engaged in the business of furnishing indemnity to the owners of property against loss occasioned by fire. In all other respects the differences between these two classes of corporations are by no means slight nor unimportant. We must assume that the General Assembly had knowledge of these differences and in the exercise of its legislative discretion fairly adjusted the taxation imposed upon these two classes of companies. The plaintiff recognizes that stock companies and mutual companies may properly be placed in different classes for the purpose of taxation; for it makes no criticism with reference to the differences in taxation provided for in Section 35 of the Tax Act of 1912, quoted above, wherein a mutual insurance company is required to pay a tax of one per centum on the premiums and assessments received by it while a stock company must pay a tax of two per centum upon its premiums and assessments. The plaintiff justifies this upon the ground that by reason of the differences in the business methods of these two forms of insurance companies such distinction is a reasonable one. An analysis of the plaintiff's argument indicates that its objection is not addressed to the fact that the General Assembly has placed mutual and stock insurance companies in different classes but rather that it regards the burden placed upon the respective classes as unequal. Such legislation, however, does not contravene the Fourteenth Amendment to the United States Constitution by denying to either of these classes the equal protection of the laws. The General Assembly may classify property and occupations for the purpose of taxation and within

reasonable limits may impose different burdens upon the different classes, according like treatment to each individual of the same class.   In the exercise of this power the General Assembly has a wide range of discretion.   *Magoun* v. *Ill. Trust & Savings Bank,* 170 U. S. 283; *Orient Ins. Co.* v. *Daggs,* 172 U. S. 557; *Southwestern Oil Co.* v. *Texas,* 217 U . S. 114; *Keeney* v. *New York,* 222 U. S. 525; *Metropolis Theatre Co.* v. *Chicago,* 228 U. S. 61; *German Alliance Ins. Co.* v. *Kansas,* 233 U. S. 389; *Rogers* v. *Hennepin County,* 240 U. S. 184; *Rast* v. *Van Deman,* 240 U. S. 342.

In our opinion said Section 5, Chapter 784 of the Public Laws of 1912 is not in violation of Article I, Section 2, of the Constitution of Rhode Island; nor in violation of Article XIV of the Amendments to the Constitution of the United States.

The papers in the cause are ordered sent back to the Superior Court with this decision certified thereon for further proceedings in the Superior Court.

*Archibald C. Matteson, William J. Brown,* for plaintiff.

*Elmer S. Chace, City Solicitor; Charles P. Sisson, Assistant City Solicitor,* for defendant.