## Commonwealth *v.* Girard Life Insurance Co., Appellant.

Argued November 23, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Ira Jewell Williams,* of *Brown & Williams,* with him *W. S. Snyder,* for appellant.—The tax is void as not being uniform, under the Constitution of Pennsylvania, article IX, sections 1 and 2: Cope's Est., 191 Pa. 1; Harleigh Realty Co.'s Case, 299 Pa. 385.

The Act of 1925 is void under section 1 of the Fourteenth Amendment to the Constitution of the United States: United States v. McHie, 194 Fed. 894.

The legislature may not exempt mutual life companies from paying a tax upon gross receipts while taxing stock life companies upon identically the same receipts: Quaker City Cab Co. v. Pa., 277 U. S. 389; Frost v. Corporation Commission, 278 U. S. 515.

Even if there were a valid distinction between the two kinds of companies, the object of the discrimination, namely, the securing of cheaper insurance for the public, would in no wise be served by the enforcement of the discrimination. And the discrimination is void for that reason.

*Philip S. Moyer,* Deputy Attorney General, with him *William S. Schnader,* Attorney General, for appellee.— It has been stated that it is not competent for the courts to declare an act of assembly void, unless its violation of the Constitution was plain, clear, and palpable, so as to preclude doubt or hesitation: Kitty Roup's Case, 81* Pa. 211, 214; Speer v. School Directors, 50 Pa. 150; Schoyer v. Refining Co., 284 Pa. 189.

Classification involving the severance of a small class of subjects from a larger one, already clearly defined, has been recognized in Com. v. Brewing Co., 145 Pa. 83, 86.

The right to classify and the exercise of that right is based on a necessity springing out of the peculiarities of one class as distinguished from a closely similar class: Com. v. Clark, 195 Pa. 634; affirmed 184 U. S. 329; Com. v. Canal Co., 123 Pa. 594.

There are fundamental differences between stock companies and associations on the one hand, and mutual associations and mutual benefit associations on the other, warranting separate classification for tax purposes: Com. v. Beneficial Assn., 137 Pa. 412; Northwestern Masonic Aid Assn. v. Jones, 154 Pa. 99; Dick-

inson v. A. O. U. W., 159 Pa. 258; Johnson v. R. R., 163 Pa. 127; Heasley v. Heasley, 191 Pa. 539; Dickerson v. Beneficial Assn., 264 Pa. 415; Com. v. Protective Society, 294 Pa. 6; Ogle v. Barron, 247 Pa. 19; Blair v. Legion of Honor, 208 Pa. 262; Downing v. School Dist., 297 Pa. 474; Brink v. Fire Ins. Co., 90 Pa. Superior Ct. 527; Mitchell v. Ins. Co., 51 Pa. 402.

The General Assembly of the Commonwealth of Pennsylvania has always differentiated between mutual and stock companies and has legislated for them as two different and distinct types of companies.

Differences between the classes of insurance companies and associations, and not competition, is the determining factor on the question of equal protection under the Fourteenth Amendment: Com. v. Bank, 168 Pa. 309.

Decisions of the United States Supreme Court immediately applicable, indicate the tax in question is constitutional: Flint v. Stone Tracy Co., 220 U. S. 107; Northwestern M. L. Ins. Co. v. Wisconsin, 247 U. S. 132.

The act must be declared valid unless it is clearly unconstitutional: P. R. R. v. Riblet, 66 Pa. 164; Miller v. Rubber Co., 268 Pa. 51.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1932:

The question for determination in this case is the constitutionality of the Act of May 6, 1925, P. L. 526, which levies an eight mills tax upon the gross premiums received by insurance companies, but excepts from its provisions companies doing business upon the mutual plan without any capital stock and purely mutual beneficial associations.

Appellant, Girard Life Insurance Company, is a stock company. It urges upon us that the act unconstitutionally subjects it to the tax in discriminating between it and mutual companies in violation of the tax uniformity clause of our Constitution (article IX, sections 1 and 2)

and the Fourteenth Amendment to the Constitution of the United States.

Our Constitution enjoins that "All taxes shall be uniform upon the same class of subjects"; The federal Constitution directs "Nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." As applied to questions of taxation, the constructions of the two enactments run together. That which would violate one would generally contravene the other.

Courts, federal and state, whether construing one or the other constitutional provision, have determined that the objects of taxation may be classified. Our Constitution expressly so provides "shall be uniform, upon the same *class* of subjects." Under both "due process" and "equal protection" proper classification is usually a determining factor in passing upon the validity of tax legislation. The proposition before us, reduced to its simplest form is, whether the classification of life insurance companies into stock and mutual ones for the purpose of taxation, levying upon the gross premiums of the first and letting those of the second go free, is a justified classification.

We think it would profit not at all to review all of the many cases determined by us and by the Supreme Court of the United States passing upon tax appeals under the two constitutional provisions. There is a guiding principle which runs through all of them: Is there such a difference between the entity taxed and the one not levied upon, with relation to the act in respect to which the classification is proposed, as justified the legislature in fixing the classes which it did? If there is, the statutory provision is valid, if not, it is void. As we said in Schoyer v. Comet Oil & Refining Co., 284 Pa. 189, 197, summarizing our own cases and those decided by the Supreme Court of the United States: "The test of classification is whether it produces diversity in re-

sults or lack of uniformity in its operation, either on the given subject of tax or the persons affected as payers. ...... Classification cannot be made arbitrarily...... [It] must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis......nor may any question be raised concerning the right of the Commonwealth to classify properties and their owners for the purpose of taxation." In the leading case, Ayars's App., 122 Pa. 266, we laid down the principle governing classification (page 281) : "Classification......is essentially unconstitutional, unless a necessity therefor exists,—a necessity springing from manifest peculiarities, clearly distinguishing those of one class from each of the other classes." The Supreme Court of the United States, speaking through Mr. Justice ROBERTS, in the Chain Store Tax Case, State Board of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527, 539, thus sums up the constitutional principle: "The fact that a statute discriminates in favor of a certain class does not make it arbitrary, if the discrimination is founded upon a reasonable distinction. ...... A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law. It is not the function of this court......to consider the propriety or justness of the tax...... Our duty is to sustain the classification adopted by the legislature if there are substantial differences between the occupations separately classified. Such differences need not be great."

From these and other decisions of our own and the federal high court, the conclusion is manifest that the

test to be applied to the situation before us comes down to this: Is there a reasonable distinction and difference between stock life insurance companies and mutual life insurance companies sufficient to justify the discrimination in the act? We think there is and that the distinction is even greater than was found by the Supreme Court of the United States between certain kinds of insurance companies in Northwestern Mutual Life Ins. Co. v. Wisconsin, 247 U. S. 132, where a tax upon one class was sustained.

Both kinds of companies are created by the state and it has always treated them as separate and differing organisms. The original Act of May 1, 1876, P. L. 53, under which appellant is incorporated, and the General Insurance Act of May 17, 1921, P. L. 682, provide for the incorporation of two separate and distinct types of life insurance companies, those operating under the stock plan and those carrying on under the mutual plan. Each class possesses distinctive features which do not belong to the other. Their organizations are fundamentally different. To the stock kind, the act gives all the attributes of the usual capital stock corporation, such as limitation of liability and enjoyment of profits by the stockholders not shared in by the policyholders. In such a company the stockholders need not be policyholders. There is a fixed amount of capital upon which the earnings may be what they may. Policyholders acquire no rights in the capital assets. Stock companies are run for the profit of a selected group. Mutual companies, which partake somewhat of the nature of partnerships, are run for the profit and advantage of all their policyholders. They have no capital stock, only a guarantee fund, contributed by policyholders, for the use of which compensation is limited to six per cent. In them, each insured is a member of the association and shares in the profits made only in proportion to his contribution and in like manner he shares in the losses. We conclude these differing attributes of the two kinds of

companies mark such a distinction between them as the legislature in fixing its tax policy could constitutionally take into account.

Appellant argues that the two classes of companies compete for business and their policies are substantially the same. These circumstances may be admitted and not affect the validity of the tax, provided there is a substantial difference between the ultimate destination of the profits and the two types of companies. So far as competition is concerned, we and the Supreme Court of the United States answered this contention in the Anthracite Coal Tax Case, Heisler v. Thomas Colliery Co., 274 Pa. 448, 260 U. S. 245, adversely to appellant's position. Appellant suggests that Cope's Est., 191 Pa. 1, is of controlling authority in its favor on the question of uniformity under our constitutional provision. We do not so regard it. There was no difference in that case between the exempted estates and those fixed with liability except in their amount. Those amounting to $5,000 or less were not required to pay the tax. We held that mere amount did not constitute a difference or warrant classification. Nor do we think Frost v. Corporation Commission, 278 U. S. 515, somewhat relied upon by appellant, an analogous case to the one in hand. That controversy was over a discrimination in licensing cotton gins and did not touch upon any question of taxation.

Appellant calls to our attention Quaker City Cab Co. v. Pa., 277 U. S. 389, in which the Supreme Court of the United States held unconstitutional a tax levied upon the gross receipts of taxicab corporations when no such tax was levied upon individual owners and operators of such vehicles. The court determined that case upon the principle that (page 402), "The character of the owner is the sole fact on which the distinction and discrimination are made to depend. The tax is imposed merely because the owner is a corporation. The discrimination is not justified by any difference in the

source of the receipts or in the situation or character of the property employed." Here, however, we have a vital distinction in the source of the receipts. In mutual companies the receipts are entirely from members of the association, whereas in stock companies the receipts come largely from those who are not members of the corporation. Furthermore, in the operation of taxicabs the incentive is profit to the operators whether corporate or individual; in a mutual insurance company, whatever gains or savings there may be over the cost of carrying on the business go to all the policyholders.

The tax in question would seem to be open to the criticism that it is an unfair one and the legislature came evidently so to regard it by repealing it at the last session, thus putting stock and mutual companies on the same plane. We have nothing to do with the question whether it was equitable and just, our only concern is with its constitutionality. Our duty is to declare a statute constitutional if this can reasonably be done: Bridgeford v. Groh, 305 Pa. 554; Com. v. Snyder, 279 Pa. 234; Russell's Est., 284 Pa. 164; Reeves v. Phila. Suburban Water Co., 287 Pa. 376; Com. v. Pure Oil Co., 303 Pa. 112. We are of opinion that the act in question meets the constitutional test. The Supreme Court of Rhode Island in Manufacturers' Mutual Fire Ins. Co. v. Clarke, 41 R. I. 277, 103 Atl. 931, reached the same conclusion as we have, with the tax reversed, holding that a law imposing a tax on the intangible personalty of mutual insurance or surety companies and exempting therefrom stock insurance companies was constitutional.

Judgment affirmed.