## Commonwealth v. Kenny, etc.

*William M. Young* and *Homer Shoemaker*, for appellant.

*Philip S. Moyer*, Deputy Attorney General, and *William A. Schnader*, Attorney General, for Commonwealth.

HARGEST, P. J., March 14, 1935.—This case comes before us upon an appeal from a settlement made December 11, 1931, for a tax on gross receipts, for the two 6-month periods ending December 31, 1929, and June 30, 1930, at the rate of 8 mills, amounting to $2,702.16. A stipulation was filed agreeing to try the case without a jury, pursuant to the Act of April 22, 1874, P. L. 109.

## Facts

The facts, which are not disputed, are as follows:

1. Joseph Kenny, an individual, operated the J. Kenny Transfer, with an office and place of business located in the City of Pittsburgh, Pa., and was engaged in the business of transporting freight for hire in and about said city and to points distant therefrom, during the two tax periods ending December 31, 1929, and June 30, 1930.

2. During said period the defendant operated between 63 and 68 motor trucks, hauling merchandise for the Atlantic & Pacific Tea Company between warehouses and

stores of that company in Pittsburgh and the immediate vicinity.

3. The defendant did such transporting and hauling of freight under an oral contract, and the said company agreed to pay him a certain rate per ton, depending upon the distance between certain points, according to a tariff rate schedule presented by the company to the defendant.

4. The defendant transported no freight for any shipper other than the Atlantic & Pacific Tea Company and therefore was not required to, and did not, obtain a certificate of public convenience from the Public Service Commission of Pennsylvania.

5. During the period in question the gross receipts from all sources amounted to $337,770.35, upon which the accounting officers settled a tax at the rate of 8 mills, amounting to $2,702.16.

6. The settlement appears on its face to be a settlement for 6 months but it was a settlement for two 6-month periods, the last of which ended June 30, 1930, because the defendant failed to file its report for the 6 months ending December 31, 1929. Petitions for a resettlement and for a review having both been refused, this appeal was taken.

7. During the period in question the taxing officers of the Commonwealth settled a gross receipts tax against all persons, firms, partnerships and corporations engaged in the transportation of freight for hire which came to the knowledge of the taxing officers, including such as were transporting freight for hire for only one person or firm similar to that of the defendant.

## Discussion

The tax is imposed under section 23 of the Act of June 1, 1889, P. L. 420, as amended by the Act of April 25, 1929, P. L. 662, which provides, in part, as follows:

"That every . . . transportation company, . . . incorporated . . . under any law of this Commonwealth . . . and every copartnership, person, or persons own-

ing, operating or leasing . . . any railroad . . . or other device for the transportation of freight, passengers, baggage . . . except taxicabs, motor buses and motor omnibuses . . . shall pay to the State Treasurer, . . . a tax of eight mills upon the dollar upon the gross receipts . . . received from passengers, baggage, and freight transported wholly within this State".

The defendant contends that this tax is not collectible because: (1) The defendant is not holding himself out as a common carrier and is therefore not engaged in transportation within the contemplation of the gross receipts tax; (2) the imposition of the tax is prohibited by The Vehicle Code of May 1, 1929, P. L. 905; (3) it is in violation of the constitutional provisions requiring uniformity; (4) the Act of May 1, 1929, P. L. 905, has been repealed by section 10 of the Act of June 22, 1931, P. L. 694, without a saving clause to collect the tax settled under the prior act.

1. In considering a taxing statute, it is fundamental that the subject matter for taxation should be clearly within the purview of the act, which means that it should be both within the letter and the spirit of the statute. There can be no question but that the defendant in this case is within the letter of the law, which clearly imposes a tax on every person operating a device for the transportation of freight. The defendant, however, contends that the act of assembly was only intended by the legislature to tax common carriers who held themselves out to the public for the transportation of freight.

The Act of April 25, 1929, was passed following the decision of the case of Quaker City Cab Co. v. Pennsylvania, 277 U. S. 389, which held that the Gross Receipts Act, as it theretofore existed, was unconstitutional in that it taxed corporations but did not tax individuals operating taxicabs and motor buses. The Act of 1929 included persons, as well as corporations, and partnerships operating any railroad or device for the transportation of freight, passengers and baggage, but for some un-

known reason excluded the operation of taxicabs, motor buses and motor omnibuses from taxation, which was the very subject matter of the Quaker City Cab Company case. The Act of 1929 clearly brought persons operating devices for the transportation of freight into the same class as corporations and partnerships.

In Commonwealth v. Lukens, 37 Dauph. 47, affirmed in 312 Pa. 220, this court sustained the Act of 1929 as proper classification. The attack in that case was made by an individual who operated motor trucks for the transportation of freight on the ground that "taxicabs, motor buses and motor omnibuses" were exempt and therefore the classification was unreasonable. We held that there were some substantial differences between the operation of taxicabs and motor buses and the operation of motor trucks for carrying freight. The attack is now made on the proposition that there is too much included within the language of the act and that the legislature did not intend to impose a gross receipts tax upon an individual unless he was a common carrier.

In Commonwealth v. Philadelphia Electric Co., 36 Dauph. 339, we carefully considered the nature of the gross receipts tax and came to the conclusion that it is a franchise or privilege tax, and we there said, at page 356:

". . . we have, in the same statute, a privilege tax which is a franchise tax, in so far as it is imposed not upon the franchises as such, granted by the State but upon their exercise in the State; a privilege tax in so far as it is imposed upon the business of foreign corporations done within the state; and an occupation tax or privilege tax, in so far as it is imposed upon partnerships and individuals doing the taxable business in the State."

After reviewing the history of the gross receipts tax we said:

"It will thus be seen that what have since come to be known as public service or public utility companies have been classified for the imposition of a gross receipts tax in addition to the capital stock tax."

This language is now seized upon by the defendant as if we had said that the gross receipts tax was only to be imposed upon public utility companies or individuals operating public utilities. We made no such construction and we did not mean it to have any such interpretation. If a gross receipts tax which is imposed upon a corporation, but not upon an individual, operating a taxicab, is unconstitutional, as was held in Quaker City Cab Co. v. Pennsylvania, supra, the same objection could be made with reference to a statute which did not tax an individual who operated a motor truck for the transportation of freight. If, then, a person or corporation operating sixty or more motor trucks for the transportation of freight may escape taxation because only one large shipper is served while the person or corporation operating but one truck serving a number of small shippers would be required to pay tax merely because he or it is in the category of a common carrier, there might be serious question about the constitutional application of the statute.

The courts are not bound to seek motives or to criticize the public policy which prompted the adoption of legislation such as this. Our only duty is to determine whether there are substantial differences between occupations separately classified and to sustain the taxation if such differences are found and to declare it unconstitutional if they are not found: Tax Commissioners v. Jackson, 283 U. S. 527, 537; Heisler v. Thomas Colliery Co. et al., 260 U. S. 245, 255; Commonwealth v. Girard Life Ins. Co., 305 Pa. 558, 562; Commonwealth v. Sharon Coal Co., 164 Pa. 304.

In the instant case the converse of the proposition just referred to is presented, that is, whether the classification includes something that ought not to be included, namely, a person who operates motor trucks for a single shipper. As we have before indicated, the defendant individual in the instant case operates more than sixty trucks. The use of the highways is the same as if the

sixty trucks were serving a large number of small shippers or one large one. This is not a case where there is an effort to make a private carrier over into a public carrier by legislation and without his consent as in the cases of Frost & Frost Trucking Co. v. Railroad Commission of Cal., 271 U. S. 583; W. W. Cargill Co. v. Minnesota, 180 U. S. 452. The question here is whether a large operator of trucks on the highways in the transportation of freight who serves a large shipper for hire may be reasonably included in the same classification as a small common carrier in the use of the highways. The case is not one of a lack of uniformity but the defendant is complaining that there is too much uniformity in the application of the gross receipts statute.

The gross receipts tax being a privilege tax, we think it can be imposed upon an individual who operates motor trucks for the transportation of freight for hire whether his patron is one large shipper or a number of small shippers.

2. The defendant contends that this tax cannot be imposed upon him because The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §§332, 333, provides in section 723:

"The fees herein set forth shall be in lieu of any other fees or taxes to be imposed by this Commonwealth or subdivision thereof; and no city, borough, incorporated town, township or county shall require or collect any registration or license fee or tax for any motor vehicle, trailer or semi-trailer, or license from any operator thereof, except motor buses and motor omnibuses transporting passengers for pay or hire within the limits of any city, or from points within such city to points outside of the city limits."

Certainly the words "taxes to be imposed by this Commonwealth" were not intended to deprive the Commonwealth of every other tax for which motor vehicles were the basis. This provision was clearly intended to prohibit any municipality from imposing "any registration

or license fee or tax" upon any motor vehicle as such with the exception therein mentioned.

It is enough to say, in answer to this contention, that if the word "taxes" used in the section just quoted would bear that interpretation, then the gross receipts tax could not be imposed upon any motor vehicle, whether used by a corporation or an individual in the business of a common carrier or a private enterprise. Not only that, but if this interpretation were sound the corporation whose only property was automobiles or trucks for the building of highways or for any other such purpose would not be liable to a capital stock tax because it had paid the license fee for operation of the motor vehicles. Any such interpretation could not be sustained.

3. The defendant further contends that this tax is unconstitutional in violation of article IX, sec. 1, of the Constitution of Pennsylvania and article XIV, sec. 1, of the amendments to the Constitution of the United States, because it has not been uniformly assessed against other persons operating motor trucks for the transportation of freight for single shippers, and therefore he is denied the equal protection of the law. The evidence, however, is directly to the contrary and we have so found the fact. The taxing officer of the Department of Revenue testified that wherever there was any knowledge of such operators, available reports were demanded and an examination made with regard to any person, persons, copartnerships, associations, firms or companies, so that there is no merit in this contention.

4. The defendant also contends that this tax is not now collectible because of section 10 of the Act of June 22, 1931, P. L. 694. That section provides:

"All taxes, penalties, and interest, collectible under acts in existence prior to the approval of this act, shall continue and remain in full force and effect and be collectible by the Department of Revenue notwithstanding the passage of this act. However, it is not the intent to impose double taxation."

It is contended that this language does not preserve to the Commonwealth any authority to collect any tax which was not assessed on or before June 22, 1931, the date of the passage of the act. In other words, it is urged that the statute must be interpreted as if it read: "All taxes, penalties and interest in existence prior to the approval of this act shall continue and remain in full force and effect." It does not so read. It provides that all taxes collectible under acts in existence prior to the approval of the act shall continue and remain in full force. This tax was collectible under the Act of April 25, 1929, which was in existence prior to the approval of the Act of 1931 and we cannot construe the language to mean that the tax must have been settled and that only a tax settled prior to the passage of the Act of 1931 is collectible. We think this was a saving clause intended to save all taxes collectible under the acts in existence prior to the passage of the Act of 1931 and though the settlement of the tax had not been effected, if the tax was collectible under an act in existence at the time of the passage of the Act of 1931, it could subsequently be collected under this saving clause.

### Conclusions of law

We find the following conclusions of law:

1. Joseph Kenny, trading as Joseph Kenny Transfer, the above named defendant, during the tax periods ending December 31, 1929, and June 30, 1930, was an independent carrier engaged in the business of transporting freight for hire by means of motor trucks.

2. The defendant is liable to a gross receipts tax for the two periods in question ending June 30, 1930, under the provisions of the Act of April 25, 1929, P. L. 662, even though he transported freight for hire for only one person, or firm or corporation, and was not required during said period to have a certificate of public convenience issued by the Public Service Commission of Pennsylvania.

3. There is no lack of uniformity in the settlement of the tax by the taxing officers of the Commonwealth.

4. The Commonwealth is entitled to recover from the defendant gross receipts tax at the rate of 8 mills on the dollar upon $337,770.35, being the total gross receipts for the two taxing periods ending December 31, 1929, and June 30, 1930, amounting to $2,702.16, with interest at the rate of 6 percent from February 9, 1932, being 60 days after the date of settlement, and the Attorney General's commission allowed by law.

| | |
|---|---|
| Amount of tax | $2,702.16 |
| Interest from February 9, 1932 | 502.64 |
| | $3,204.80 |
| Attorney General's commission, 5 percent | 160.24 |
| Total | $3,365.04 |

Now, March 14, 1935, judgment is hereby directed to be entered in favor of the Commonwealth of Pennsylvania and against Joseph Kenny, trading as J. Kenny Transfer, in the sum of $3,365.04, unless exceptions be filed within the time limited by law.