Manheim Township Supervisors *v.* Workman, Appellant.

Argued November 8, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Charles E. Workman,* in propria persona, appellant, submitted a brief.

*S. V. Hosterman,* for appellees.

OPINION BY RHODES, J., January 27, 1944:

Appellant has contested the payment of a tax for lighting imposed under the Act of July 14, 1917, P. L. 840, as amended by the Act of April 27, 1927, P. L. 464. His opposition in the court below and on this appeal is on the ground that clause 2, §386, ch. 7, art. 2, of the Act of July 14, 1917, P. L. 840, as amended by the Act of April 27, 1927, P. L. 464, §1,[1] is uncon-

---

[1] "Section 386. The corporate powers of townships of the second class shall be exercised by the township supervisors. They shall have power— ...... II. On the petition of the owners of a majority of the lineal feet frontage along any street, highway,

stitutional in that it violates sections 1 and 2, art. 9, of the Pennsylvania Constitution and the Fourteenth Amendment of the Federal Constitution. He also contends, assuming the act is valid, that the tax could not have been levied against him because he did not live in a village within the meaning of the act, and because his property does not abut upon a highway, as contemplated by the act.

Appellant is the owner of a piece of property upon which is erected a two and one-half story dwelling, and which is situate along the Lititz Pike, in Manheim Township, Lancaster County, Pennsylvania.

The light tax was levied on May 5, 1933.[2] A writ of

---

or portion thereof [in any village] within the township, to enter into contract, and shall contract, with electric, gas, or other lighting companies to light and illuminate [the] said streets and highways and other public places in said villages with electric light, gas light, or other illuminant.

"The township supervisors shall levy, for the maintenance of said lights, an annual tax upon all the property, including factories and places of business, abutting upon the said streets and highways [and other public places] in the district benefited thereby, based upon the assessment for county purposes. Such taxes shall be collected in the same manner as other taxes. The collector of taxes shall receive the same commission as on the road tax. No such tax shall be levied against any farm land. The township treasurer shall receive all such taxes collected for lighting the streets and highways, shall keep the same in a separate account, and pay out the same only upon orders signed by the chairman of the township supervisors, attested by the secretary. The treasurer shall make a report to the auditors of the township annually."

This section is repealed, in so far as it relates to townships of the second class, by the Act of May 1, 1933, P. L. 103, art. 21, §2101, 53 PS §19093—2101. Clause 2, §702, art. 7, of the Act of May 1, 1933, is substantially the same as the above except that "vacant lots between built-up sections, whether tilled or untilled, shall not be deemed to be farm lands." 53 PS §19093—702, cl. 2.

[2] The Act of May 1, 1933, P. L. 103, became effective on July 1, 1933. 53 PS §19093—101.

scire facias on the lien filed against defendant was issued. At the trial before a jury it was agreed that the only fact in issue was whether or not the land and dwelling of defendant upon which the tax was levied were located in a village, or fronted or abutted upon any street, highway, or other public place in any village, or were near or adjacent thereto. The jury found against defendant. His motion for judgment n.o.v. was overruled, and it is from the judgment entered that he has appealed.

Appellant's position is that the statute permits higher taxes in one district than another; that farm land is exempt from taxation under the act; and that therefore the act is void as it violates the sections of the Pennsylvania Constitution relating to uniformity and exemption and the due process and equal protection clauses of the Fourteenth Amendment of the Federal Constitution. There is no merit in appellant's argument that the act is unconstitutional because other real estate in the township is free from this tax, or because there may be a different rate in another district. By the language of the amendatory act of 1927, the supervisors were authorized, upon the petition of a majority of the owners of the "lineal feet frontage" along any street, highway, or portion thereof, to enter into a contract for electric lighting. It is further provided that the maintenance of such lights shall be paid by an annual tax upon the abutting property in the district benefited. The supervisors were made merely the representatives of the abutting property owners in entering into such contract, although they were authorized to collect such taxes in the same manner as other taxes. Only the people living in a district in the township specifically benefited were liable to the tax under this section of the act. To be uniform a tax need not be universal. The supervisors were given no authority, and it would seem improper to tax the entire township

for such specific benefit of a few.[3] See *Trevorton Water Supply Co. v. Zerbe Township*, 259 Pa. 31, 37, 102 A. 328. A district was in reality created by action of the majority of the owners of the "lineal feet frontage" in a portion of the township; and the extent of the frontage would naturally have some bearing on the total cost which would determine the tax rate to be levied on the assessed valuation of the abutting property taxable.

Appellant also argues that, as only a part of the real estate in the Lititz Pike district where his property is located is taxed—farm land being exempt,—the statute is invalid. Whether such exemption is discriminatory and contravenes the constitutional provisions seems to be the only substantial question presented. We agree, however, with the conclusion of the court below that the act does not, for this reason, conflict with the state and federal constitutions, and that there was no improper exercise of the legislative power of classification. Farm land has been placed, it is true, in a different class from other property for the purpose of the light tax. However, it is subject equally with all other property in the township to taxes for general purposes. The benefits derived from street or highway lighting by farm land would be negligible compared with that of improved property. We think the classification of the latter for light tax purposes rests on reasonable ground. Article 9, §1, of our Pennsylvania Constitution requires that "all taxes shall be uniform, upon the same class of subjects," and article 9, §2, prohibits any special law exempting property from taxation. But these sections do not prohibit a proper classification of the subjects of taxation; they merely require that the tax shall be uniform upon members of a class. *Pennsylvania Company, etc., Trustee, Case*, 345 Pa. 130, 134, 27 A.

---

[3] See clause 3, §421, of the Act of July 14, 1917, P. L. 840, as amended by the Act of April 3, 1929, P. L. 129; clause 3, §905, of the Act of May 1, 1933, P. L. 103. 53 PS §19093—905, cl. 3.

2d 57. The questioned tax complies with the latter mandate; and we are of the opinion that the substantial difference between farm land, its location and use, and other types of property which may be subject to the tax, justifies the discrimination in the act and sustains the classification adopted by the legislature. See *Commonwealth v. Girard Life Ins. Co.*, 305 Pa. 558, 564, 158 A. 262. "The word 'farm' has a suggestive significance apart from any explicit or restricted meaning and even in a popular sense is applied to land used for any one of a variety of purposes. Webster (International Dict. 2d Ed.) defines 'farm' as 'a piece of land held under lease for cultivation; hence, any tract of land ...... devoted to agricultural purposes, generally under the management of a tenant or owner; any parcel or group of parcels of land cultivated as a unit.' In the Century Dictionary it is defined as 'A tract of land devoted to general or special cultivation under a single control, whether that of its owner or of a tenant: as, a small farm; a wheat-, fruit-, dairy-, or market farm.' 'Farming' is defined as 'The commercial production of any plant (even horticultural) or annual which has economic value'": *Marple Township v. Lynam et al.*, 151 Pa. Superior Ct. 288, at page 291, 30 A. 2d 208, at page 210. There is certainly a reasonable distinction between such land on the one hand and dwellings, factories, and places of business on the other, "with relation to the act in respect to which the classification is proposed, as justified the legislature in fixing the classes which it did": *Commonwealth v. Girard Life Ins. Co.*, supra, 305 Pa. 558, at page 562, 158 A. 262, at page 263. The street and highway lighting contemplated by the act is local in effect and is intended to benefit primarily built-up rural or suburban areas of limited scope. "Nor is classification necessarily based upon any essential differences in the nature or, indeed, the condition of the various subjects; it may

be based as well upon the want of adaptability to the same methods of taxation, or upon the impracticability of applying to the various subjects the same methods, so as to produce just and reasonably uniform results, or it may be based upon well-grounded considerations of public policy": *Commonwealth v. Delaware Div. Canal Co.*, 123 Pa. 594, at page 621, 16 A. 584, at page 588.

Under our state and federal constitutions the objects of taxation may be classified, and if the classification is reasonable [4] and just there is no infringement of the cited provisions of either constitution. "Under both 'due process' and 'equal protection' proper classification is usually a determining factor in passing upon the validity of tax legislation": *Commonwealth v. Girard Life Ins. Co.*, supra, 305 Pa. 558, at page 562, 158 A. 262, at page 263. See, also, *Commonwealth v. Pennsylvania Threshermen & Farmers' Mutual Cas. Ins. Co.*, 339 Pa. 62, 14 A. 2d 295; *State Board of Tax Commissioners of the State of Indiana v. Jackson*, 283 U. S. 527, 75 L. Ed. 1248; *Dane v. Jackson*, 256 U. S. 589, 65 L. Ed. 1107; *Stebbins v. Riley*, 268 U. S. 137, 69 L. Ed. 884.

A statute is presumed to be constitutionally valid (In re *Sugar Notch Borough*, 192 Pa. 349, 355, 43 A. 985; *Philadelphia Association of Linen Suppliers et al. v. Philadelphia et al.*, 139 Pa. Superior Ct. 560, 568, 12 A. 2d 789), and our courts must declare it constitutional unless this is found to be impossible (*Reeves et al. v. Philadelphia Suburban Water Co.*, 287 Pa. 376, 386, 135 A. 362). It is our conclusion that the act is not unconstitutional for the reasons which appellant has presented.

We are not able to find anything in the record that

---

[4] "The reasonableness of classification is for the legislature in the first instance; unless there is no rational basis for it, the court will not interfere": *National Transit Co. et al. v. Boardman,* 328 Pa. 450, at page 456, 197 A. 239, at page 242.

would justify any criticism of the determination of the jury on the factual question submitted by agreement of the parties.

The testimony shows that appellant lives in Manheim Township, a second class township, and that his home is one of a group of houses and other dwellings abutting upon Lititz Pike, a state highway. There is also a group of dwellings on what is known as Keller Avenue which immediately adjoins Lititz Pike and extends westward. The supervisors of Manheim Township have designated this section for lighting purposes as the Lititz Pike district. In 1933, when the lighting tax was levied, there were between 75 and 100 dwelling houses in this district; there was also a schoolhouse, a gasoline station, business establishments, and stock yards.

A village has been defined as "a collection of houses, collocated after something like a regular plan in regard to streets and lanes, without intervening farm land, but with a convenient curtilage attached to each": 67 C. J., Village, p. 246; " 'An assemblage of houses, less than a town or city, but nevertheless urban or semiurban in its character' ": *State v. City of Nashwauk et al.,* 151 Minn. 534, 189 N. W. 592, 593; "Any small assemblage of houses for dwellings or business, or both, in the country, whether they are situated upon regularly laid out streets and alleys, or not": 2 Bouvier's Law Dictionary, 3d Rev., 3401.

The charge of the court as to this was without fault, and no objection was made or suggestion submitted relative thereto by either party. Appellant does not seriously contend that there is the slightest reason for a reversal of the judgment on this ground, and his suggestion now that a name and a plan are requisites of a village will not be considered.

Finally, the act makes no distinction between types of highways in the township along which the petitioning

property owners reside. The act does not attempt to give jurisdiction to township supervisors over state highways, and citations relative to responsibility for maintenance and repair of state highways are entirely irrelevant. The act is sufficiently explicit, and requires no further elucidation.

Judgment is affirmed.