Commonwealth of Pennsylvania *v.* Fluoro-Plastics, Inc., Appellant.

Argued December 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*C. George Milner*, for appellant.

*Joseph F. Lynch*, Deputy Attorney General, with him *Donald J. Murphy*, Deputy Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 9, 1977:

Fluoro-Plastics, Inc. has appealed from the refusal by the Board of Finance and Revenue of the prayer of its Petition for Review of a settlement by the De-

partment of Revenue of its corporate net income tax for a fiscal year ended February 28, 1974. The settlement determined that Fluoro-Plastics, Inc. was subject to additional tax liability in the amount of $1285.93.

Fluoro-Plastics, Inc. attacks as unconstitutional Section 1 of the Act of March 16, 1970, P.L. 180, *as amended*, 72 P.S. §3385. The statute is pertinently as follows:

(a) Notwithstanding the provisions of any State tax law to the contrary which requires taxpayers to make payment of tentative tax, including . . . corporate net income . . . or other similar tax law requiring payment of tentative tax, such taxpayers, commencing with the calendar year 1970 and fiscal years beginning during the calendar year 1970 and each taxable year thereafter, on or before the thirtieth day of April for calendar year taxpayers, and on or before the end of the fourth month after the close of its previous fiscal year for fiscal year taxpayers, shall pay on account of the tax due for the current year not less than ninety per cent of the amount of said tax; the said amount to be computed by applying the current tax rate to ninety per cent of such tax base from the immediate prior year as may be applicable with respect to the tax being reported; Provided, however, That . . . said payment may at the taxpayer's election be computed by applying the current tax rate to ninety per cent of the taxable income . . . received or accrued by the taxpayer during the first three months of the current calendar or fiscal year period annualized, which amount resulting from said annualization shall not be less than ninety per cent of the tax basis as is actually reported in the annual

report for the current calendar or fiscal year. The remaining portion of the tax due shall be paid upon the date the taxpayer's annual report is required to be made under the applicable tax statute.

(b) Should it subsequently be determined that the amount of the tentative tax was understated by more than five per cent, there shall be added to the tax determined to be due an additional ten per cent of the understatement and said percentage addition to the understatement shall be deemed an additional tax and shall bear interest from the date the tentative tax was due.

Fluoro-Plastics, Inc. says that the statute violates the uniformity clause of the Pennsylvania Constitution (Article VIII, Section 1) and the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and, in addition, that it is unconstitutionally vague.

The parties have filed a stipulation of facts by which they agree that Fluoro-Plastics, Inc. timely filed its tentative corporate net income tax return for its fiscal year to end February 28, 1974, using the method of computation described in the proviso clause of Section 1 of the Act of March 16, 1970, 72 P.S. §3385(a)— that is, it annualized its net income for the first three months of its year to produce an estimate for the year of $50,000 taxable net income and paid tentative tax of $4950, said amount being the product of multiplying $45,000 (90% of the estimate) by the applicable tax rate of eleven per cent (11%). During its fiscal year ended February 28, 1973, Fluoro-Plastics, Inc. had reported taxable net income of $123,706.29, and had paid corporate net income tax for that fiscal year of $14,226.22. At the close of Fluoro-Plastics, Inc.'s fiscal year ended February 28, 1974, it reported

actual taxable net income for the period to be $179,-891.91, resulting in a corporate net income tax due of $19,788.11. Since the amount of tentative tax paid ($4950) was an understatement by more than 5% of the amount of tax due the Department of Revenue, pursuant to Section 1(b) of the Act of March 16, 1970, settled, and the Department of the Auditor General approved, an additional tax for Fluoro-Plastics, Inc.'s fiscal year ended February 28, 1974 of $1285.93, this being ten per cent (10%) of the amount of the understatement by $12,859.30 of tentative corporate net income tax.

The parties agree that Article VIII, Section 1 of the Pennsylvania Constitution and the due process and equal protection clauses of the Fourteenth Amendment as applied to questions of taxation are of identical import; that is, that an enactment which would violate one would generally contravene the other. *Commonwealth v. Girard Life Insurance Company,* 305 Pa. 558, 158 A. 262 (1932), *aff'd per curiam,* 287 U.S. 570.

Fluoro-Plastics, Inc.'s thesis with respect to the statute's alleged transgressions of the uniformity, due process and equal protection clauses is difficult to follow. It seems to say that the constitutional provisions invoked forbid the taxation of a corporation which has understated its tentative tax by more than five per cent (5%) at a total rate higher than that imposed upon a taxpayer which has not understated its tentative tax by that amount. Assuming, as the appellant urges, that two classes of taxpayers are thus created, we discern nothing invidious in the exaction of more money from that class of taxpayers consisting of those who have paid less than the amount of tentative tax required by the statute than the amount of money exacted from the class consisting of those who have paid tentative tax in the prescribed amount. Since the statute is one designed to raise revenue,

the Legislature has a wide discretion in classifying subject and no denial of uniform treatment or equal protection will be found, absent capricious or arbitrary classification. *Commonwealth v. Lafferty,* 426 Pa. 541, 233 A.2d 256 (1967); *Commonwealth v. Life Assurance Co. of Pennsylvania,* 419 Pa. 370, 214 A.2d 209 (1965).

Further, we find nothing arbitrary or capricious in the different treatment here provided for those who have paid tentative tax in the amount provided Subsection (a) of the Act and those who have paid less than 95% of that amount. The due process clause is not a limitation upon the taxing power and is only applicable to a taxing statute if the Act is so arbitrary as to compel the conclusion that it does not involve an exercise of the taxing power but constitutes the exercise of some forbidden power. *Magnano Co. v. Hamilton,* 292 U.S. 40 (1934). No purpose other than that of taxing or stimulating the prompt and full payment of taxes (in advance) is discernible to us here.

Fluoro-Plastics, Inc. further complains of the failure of the statute to provide for the amendment of tentative reports. We assume that this argument is founded on an asserted want of due process. It is ineffective. We see nothing in this taxing statute's failure to provide for amendment of tentative returns which demonstrates that the additional tax was adopted as a mere disguise for the exercise of a different and forbidden power.[1]

---

[1] The Commonwealth in argument and brief informs us that in practice the Department permitted the amendment of tentative tax reports prior to March 1974 and that since that time it has done so pursuant to a "tax bulletin" published in Pennsylvania State Tax Rep. (CCH) ¶13-401.75. Since there is nothing in the Stipulation of Facts or elsewhere in this record concerning amendment procedures prior to 1974, neither the Commonwealth's assertion that such existed nor the taxpayers' assertion to the contrary, can be

Fluoro-Plastics, Inc.'s assertion that the Act is unconstitutionally vague is also without merit. Subsection (a) of the statute plainly provides for the payment of tentative corporate net income tax in the amount of ninety per cent (90%) of the amount of the tax due for the current year, and that the amount of tentative tax due may be computed either by applying the current tax rate to 90% of the tax base for the immediate prior year or, at the taxpayer's election, by applying the current tax rate to 90% of net income received during the first three months, annualized. Subsection (b) states that if the tentative report is subsequently determined to have been understated by more than five per cent (5%), an additional tax in the amount of ten per cent (10%) of the understatement shall be due.[2]

---

considered to be established. Since the taxpayer had the burden of proving the absence of such procedures, its failure to provide such proof would seem to require a decision of this factual issue against it.

[2] While the Commonwealth does not explicitly so state in its brief, it uses language which could be interpreted as implying that in practice the Department of Revenue does not require the payment of the additional tax of Subsection (b) on understatements where the tentative report is based on the tax base of the immediate prior year. In our opinion, the additional tax imposed by Subsection (b) applies equally to all taxpayers regardless of the method chosen for computation of the tentative tax. This construction is supported by the fact that before the amendment to Subsection (a) which added the alternative (annualization) method of computation, Subsection (b), in its original form, provided an additional tax on understatements similar to that provided in its present form. Further, Section 3 of the amending Act provides that while the alternative method of computation shall first become effective in 1972, the amended provisions of Subsection (b) shall take effect immediately and shall apply retroactively to 1970, a time when the tentative tax was computed only by use of the tax base from the immediate prior year.

ORDER

AND Now, this 9th day of February, 1977, the appeal of Fluoro-Plastics, Inc. is dismissed and the settlement appealed from is approved; unless exceptions are filed within thirty (30) days of the filing of this Order, the Chief Clerk is directed to enter judgment in favor of the Commonwealth in the amount of $1285.93, with interest from the date the tentative tax was due for the taxpayer's fiscal year ended February 28, 1974, as provided by law.