Eastern Milk Producers Cooperative Assoc., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued May 9, 1983, before Judges CRAIG, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*Harold G. Caldwell, Vineski, Brann, Williams & Caldwell,* for petitioner.

*Suellen M. Wolfe,* Deputy Attorney General, with him *Paul S. Roeder,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, June 10, 1983:

Eastern Milk Producers Cooperative Association, Inc. (Petitioner) has brought this Petition for Review from an order of the Board of Finance and Revenue (Board) denying a refund of $15,359.23 for sales taxes paid on the purchase of tangible personal property in Pennsylvania.[1]

## FINDINGS OF FACT

Petitioner and Respondent[2] have filed a Stipulation of Facts which we hereby adopt.[3]

---

[1] Petitioner's amended Petition for Refund of Sales and Use Tax sought a refund in the amount of $24,003.61 and the Board did grant a refund of $8,644.38 for sales taxes paid on items used directly in dairying.

[2] The Commonwealth.

[3] Since the only issue presented on this appeal is a question of law, we see no reason to reproduce said Stipulation.

## DISCUSSION

Petitioner is a non-stock co-operative corporation authorized and incorporated under the laws of the State of New York. Petitioner has capital and property employed in the Commonwealth. Petitioner seeks an exemption from the payment of sales and use taxes pursuant to the provisions of Section 3 of the Co-operative Agricultural Association Corporate Net Income Tax Act (Co-op Tax Act), Act of May 23, 1945, P.L. 893, *as amended,* 72 P.S. §3420-23. Section 3 of the Co-op Tax Act provides:

Every association shall be subject to, and shall pay for, the privilege of doing business in this Commonwealth, or having capital or property employed or used in the Commonwealth, by or in the name of itself or any other person, partnership or association, a State excise tax at the rate of four per centum (4%) per annum upon each dollar of the net income, *which tax shall be collected in lieu of any other excise tax*[4] [with exceptions and other provisions not here relevant]. (Emphasis added.)

However, Section 2 of the Co-op Tax Act, 72 P.S. §3420-22, provides two crucial definitions fatal to Petitioner's claim to an exemption. For purposes of the Co-op Tax Act, a cooperative agricultural association is defined as "[a]n incorporated co-operative agricultural association, composed of persons engaged in agriculture and instituted for the purposes of mutual help, *having capital stock.*" (Emphasis added.) Section 2 also provides a definition for the term net income as "an amount equal to the sum of the *dividends* declared, or declared and paid on the shares of

---

[4] A sales tax is an excise tax. *Lehigh Valley Cooperative Farmers v. Commonwealth,* 8 Pa. Commonwealth Ct, 18, 305 A.2d 908 (1973),

common and preferred stock during the year [in proportion to the amount of business transacted in the Commonwealth compared to all association business].'' (Emphasis added.) As Petitioner concedes, it has issued no capital stock nor declared any dividends; accordingly, Petitioner, by the clear terms of the Co-op Tax Act, is not an ''association'' subject to the excise tax on ''net income'' and therefore is not subject to the tax ''in lieu of'' sales taxes. Petitioner therefore is not entitled to the Co-op Tax Act's exemption.

Petitioner has asserted numerous policy arguments in support of its assertion that the exemption from other excise taxes was intended to benefit all cooperative agricultural associations, whether stock or non-stock. However, its contentions concerning legislative intent and other statutory provisions[5] must be considered irrelevant in light of Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b) : ''When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'' Here the Co-op Tax Act clearly provides an excise tax exception only for *stock* agricultural co-operatives and Petitioner, as a non-stock co-operative, does not come within the Co-op Tax Act's provisions.[6] We shall therefore affirm the order of the Board and will deny the claimed refund.

[5] The Cooperative Agricultural Association Act, Act of June 12, 1968, *as amended*, 15 P.S. §§12101-12135, does permit agricultural co-operatives to be formed either with or without capital stock.

[6] We see no merit to any contention that the Commonwealth's decision to tax two different types of business entities, a stock cooperative and a non-stock cooperative, in a different manner in any way violates the uniformity clause of the Pennsylvania Constitution, Art. VIII, §1. *Cf. Commonwealth v. Girard Life Insurance Co.*, 305 Pa. 558, 158 A. 262 (1932) (taxation of stock life insurance company and mutual life insurance company differently was constitutional).

### Conclusions of Law

1.  Non-stock co-operatives may not claim the benefit of the excise tax exemption of the Co-op Tax Act.

2.  Petitioner's claim for refund was properly denied.

### Order

The Order of the Board of Finance and Revenue, dated March 26, 1980, is hereby affirmed and the refund of $15,359.23 claimed by Petitioner Eastern Milk Producers Cooperative Association, Inc. is hereby denied.