388 A.2d 726

ESTATE of Agnes L. CARLSON, Deceased.

Appeal of Ethel H. ANDERSON.

Supreme Court of Pennsylvania.

Submitted March 6, 1978.

Decided July 14, 1978.

Harvey D. McClure, Erie, for appellant.

John M. Duff, Deputy Atty. Gen., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Agnes L. Carlson died on March 21, 1975. In her will she named James D. Sawdy, her natural grandson, as one of the beneficiaries. Inheritance tax on the estate was assessed by the Commonwealth at $45,566.70. The executrix, appellant here, admitted tax liability in the amount of $35,789.47, and

has paid that amount. She has appealed, however, from the assessment's levy of the additional $9,777.23.

The court decided the matter on the basis of the following stipulated facts.

"The decedent had a son, one James Swenson, who married. He and his wife Frances had a child, James Swenson, Jr., who was the natural grandson of the decedent.

James Swenson, Sr., died and his widow Frances married one Douglas Sawdy. On December 15, 1947, Douglas Sawdy adopted James Swenson, Jr., and the latter's name was changed to James D. Sawdy."

Appellant contends that James D. Sawdy is a "lineal descendant" of the decedent and that therefore his share of the decedent's estate should be taxed at a rate of six percent. See Act of June 15, 1961, P.L. 373, Art. IV, § 403, as amended, 72 P.S. § 2485–403(1), Supp.1977–78, which provides,

"Inheritance tax upon the transfer of property passing to or for the use of any of the following shall be at the rate of six (6) percent:

(1) Grandfather, grandmother, father, mother, husband, wife and *lineal descendants;*

(2) Wife or widow, and husband or widower of a child."

As amended 1967, Dec. 29, P.L. 915, § 1.

(Emphasis added.)

The Commonwealth, on the other hand, argues that James D. Sawdy was adopted out of the decedent's line and his share of the estate is to be taxed at a rate of fifteen percent pursuant to the Act of June 15, 1961, P.L. 373, Art. IV, § 404 (72 P.S. § 2485–404) which provides,

"Inheritance tax upon the transfer of property passing to or for the use of all persons other than those designated in section 403, shall be at the rate of fifteen (15) percent."

(Footnote omitted.)

1961, June 15, P.L. 373, Art. IV, § 404.

The trial court held that because James D. Sawdy had been adopted by his mother's second husband, he had been adopted out of the decedent's family, and therefore the court dismissed the executrix's appeal from the Commonwealth's appraisal based on a fifteen percent rate of tax.

If James D. Sawdy is a "lineal descendant" of Agnes Carlson, then his share of the estate must be taxed at six percent (72 P.S. § 2485–403(1) (Supp.1977–78). As the natural grandson of testatrix, James D. Sawdy would normally be classified as her lineal descendant under the common usage of this term. However, the Commonwealth contends that the term "lineal descendant" has an artificial meaning since it is specifically defined in the "Inheritance Tax Act," Act of June 15, 1961, P.L. 373, Art. I, § 102, as amended, 72 P.S. § 2485–102(13), as follows:

> " 'Lineal descendants' includes children and their descendants, adopted descendants and their descendants, stepchildren, illegitimate descendants of the mother and their descendants, and children and their descendants of the natural parent who are adopted by his spouse. It does not include descendants of stepchildren, illegitimate children of the father and their descendants, or adopted children and their descendants in the natural family, except as above set forth."

Of course, we are bound by this definition. 1 Pa.C.S.A. § 1903 (Supp.1977–78). It determines who qualifies as a lineal descendant and therefore receives the benefit of the six percent tax rate. As such, it is a provision imposing a tax and therefore must be strictly construed. 1 Pa.C.S.A. § 1928(b)(5) (Supp.1977–78). A taxing statute must not only be strictly construed, but all reasonable doubt must be resolved in favor of the taxpayer. *Estate of Rose,* 465 Pa. 53, 348 A.2d 113 (1975). Therefore, since James D. Sawdy is the natural grandson of testatrix, unless the Commonwealth clearly shows that he is not a lineal descendant under the statute's definition, he must be taxed at the rate of six percent.

■ In examining the definition of lineal descendants, we cannot forget that the terms do not exist in a vacuum. That is to say, while "lineal descendants" includes "children and their descendants," this does not mean that one qualifies as a lineal descendant because he or she is the child of *anyone;* rather, one qualifies as a lineal descendant because he or she is the child or descendant of a *specific* person. This specific person then becomes the point of reference for the definition. The testatrix, paternal grandmother, is the point of reference when we read the definition of "lineal descendants" for this case. Therefore, the definition with the point of reference added for clarity would read:

" 'Lineal descendants' includes [grandmother's] children and their descendants, . . . . It does not include [grandmother's] . . . adopted children and their descendants in the natural family except as above set forth." 72 P.S. § 2485–102 (Supp.1977–78).

As a descendant of the son of testatrix, James D. Sawdy is clearly a lineal descendant under the first phrase of the above definition; the last phrase, which serves to exclude individuals from the definition, does not apply to Mr. Sawdy because he was not his *grandmother's* adopted son nor a descendant of his *grandmother's* adopted son.

The Commonwealth also argues that this reasoning results in an individual receiving the benefit of the six percent Inheritance Tax Rate for inheritances through two paternal lines. Here the grandson would qualify for the six percent tax rate on an inheritance received from his natural paternal line and might later benefit from the lower rate on an inheritance from his adoptive paternal line. While this is true, we do not deem it to be significant. The purpose of the Inheritance Tax Act indicates the legislature wished to tax close relatives at this lower rate. There is no indication that one is restricted to one paternal and one maternal line through which one may inherit and still receive the six percent tax rate. Indeed, a daughter-in-law or a son-in-law may inherit from four lines—natural mother, natural father, mother-in-law, and father-in-law—and be taxed at six per-

cent in each case. Moreover, under the Inheritance Tax Act, if James D. Sawdy had *not* been adopted by his natural mother's spouse but merely remained this spouse's stepchild, he clearly would qualify for the six percent rate for inheritances from both paternal lines. 72 P.S. § 2485–102(3) (Supp.1977–78). We think it illogical to penalize James D. Sawdy simply because his second father chose to adopt him.

We conclude that since taxing provisions must be strictly construed in the taxpayer's favor and we can discern no reason to preclude James D. Sawdy from being a lineal descendant of two paternal lines, he qualifies under the Inheritance Tax Act to be taxed at a rate of six percent.

The decree of the Court of Common Pleas is reversed and the case remanded for proceedings consistent with this opinion. Each party to pay its own costs.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

The single issue before this Court is whether, for inheritance tax purposes, an adopted person takes as a lineal descendant of his natural paternal grandmother after he has been adopted by a new, adoptive father. If so, his share of the decedent's estate is taxed at a rate of six percent, see Act of June 15, 1961, P.L. 373, art. IV, § 403, as amended, 72 P.S. § 2485–403(1) (Supp.1977) rather than at a rate of fifteen percent applicable, inter alia, to persons adopted out of the decedent's line, see Act of June 15, 1961, supra, § 404, 72 P.S. § 2485–404.

The majority, in erroneously concluding that James Sawdy takes his share of testatrix's estate as a lineal descendant taxed at a rate of six percent, misinterprets the relevant statutory provisions and ignores the clear legislative intent to treat adopted children as removed from the natural family, enjoying the same rights as natural children in the adopting family. See drafters' comment to Section 102(3) of the Inheritance Tax Act (defining "children" as used in the definition of "lineal descendants") ("As to an adopted child,

this definition conforms with the scheme of the 1947 Acts in making the adopted child the same as the natural child in the adopting family and taking him out of the natural family." [1]) Because this Court is bound by the provisions of the Inheritance Tax Act, I dissent and would affirm the orphans' court's dismissal of the executrix's appeal from the Commonwealth's appraisal based on a fifteen percent rate of tax.

As Orphans' Court Judge Dwyer reasoned in concluding that James Sawdy is not a lineal descendant qualifying under the Inheritance Tax Act to be taxed at a rate of six percent:

"To determine whether or not the said James D. Sawdy is a lineal descendant we look to the definition of 'lineal descendant' in the Inheritance Tax Act.

"(13) 'Lineal descendants' includes children and their descendants, adopted descendants and their descendants, stepchildren, illegitimate descendants of the mother and their descendants, and children and their descendants of the natural parent who are adopted by his spouse. It does not include descendants of stepchildren, illegitimate children of the father and their descendants, or adopted children and their descendants in the natural family, except as above set forth.

*1961, June 15, P.L. 373, Art. I, § 102, as amended; 72 P.S. § 2485–102(13).*

"The word 'children' in the above definition is defined as including 'adopted children'. 1961, June 15, P.L. 373, Art. I, § 102; as amended, 72 P.S. § 2485–102(3).[2]

1. See Grossman and Smith, Pennsylvania Inheritance and Estate Tax, Article IV, Rate of Tax, p. 14.

2. 72 P.S. § 2485–102(3) defines "children" as including "adopted children, stepchildren, illegitimate children of the mother, and the children of the natural parent who are adopted by his spouse. It does not include illegitimate children of the father or adopted children in the natural family, except as above set forth."
   See drafters' comment to this section, supra in text.

"Combining the definitions above we see that Section 13 defining 'lineal descendants' would mean the following: That it includes children, adopted children and their descendants, but that it does not include adopted children and their descendants in the natural family.

"Interpreting this definition it appears that the first sentence includes in the definition 'adopted children and their descendants' and that the second sentence excludes 'adopted children and their descendants in the natural family.'

"The two sentences seem to contradict each other, but it must be that the Legislature intended that children adopted *into* the decedent's family are to be considered as 'lineal descendants' for inheritance tax purposes and *by the second sentence the Legislature intended that children adopted out of decedent's family are not to be considered as lineal descendants for inheritance tax purposes. This is the only possible meaning that can be given to the definition in order for it to make any sense.*

"We adopt this as the meaning of 'lineal descendants' in this Act, and since James D. Sawdy was adopted out of decedent's family in 1947 we must dismiss the Appeal of the Executrix from the Appraisement of the Commonwealth." [3]  (emphasis added.)

I would affirm the orphans' court on the basis of that court's opinion.

**3.**  This reading of the statute accords with Grossman and Smith, Pennsylvania Inheritance and Estate Tax, § 403–2.7 which provides:

"*Adopted children.*  1961 § 102(13) defines 'lineal descendant' as including 'children.'  1961 § 102(3) includes adopted children within the definition of 'children' of the adopting parent (and of the natural parent whose spouse adopts them).  This result conforms with the prior law.  Adopted persons are not Class A (lineal) descendants of their natural parents other than a natural parent whose spouse adopts them:  1961 §§ 102(3) and (13).  This result is a departure from prior law."

This discussion appears in the chapter surveying the rate of inheritance tax.