D/K Beauty Supply, Inc. et al., Appellants v. North Huntingdon Township, a municipality and a township of the First Class et al., Appellees.

164

Submitted on briefs December 18, 1981, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Joseph F. Cassarino, P.C.,* for appellants.

*Thomas P. Cole, II,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., June 15, 1982:

This matter is before us on appeal from a decision of the Court of Common Pleas of Westmoreland County. The court sustained in part, and dismissed in part, an appeal by twenty-five aggrieved taxpayers (appellants) from the adoption of the North Huntingdon Township Mercantile Tax Ordinance and Business Privilege Tax Ordinance.

The Township of North Huntingdon (appellee) first commenced its efforts to enact the Mercantile and Business Privilege Tax Ordinances on January 30, 1980, when Ordinance No. 536 and Ordinance No. 537 were adopted by the Township's Board of Commissioners. An appeal from the municipality's adoption of both ordinances was filed in the court below, which sustained the appeal and declared both ordinances to be invalid due to procedural defects in the enactment thereof.

On July 21, 1980 the Township again enacted a Mercantile Tax Ordinance (Ordinance No. 547) and a Business Privilege Tax Ordinance (Ordinance No. 548). On August 19, 1980 twenty-five individual taxpayers filed an appeal from the adoption of the aforesaid ordinances. The court below sustained the appeal, again finding the ordinances to be invalid due to procedural defects in their enactment.

The Mercantile and Business Privilege Tax Ordinances which are the subject of the instant appeal are Ordinance No. 550 (No. 10 of 1980) and Ordinance No. 551 (No. 11 of 1980), which were adopted by North Huntingdon Township on October 13, 1980. The appellants herein appealed to the Court of Common Pleas of Westmoreland County, challenging the validity of the ordinances on both procedural and substantive grounds. By order dated December 15, 1980, the

court sustained the appeal to the extent of its ruling that neither tax could be applied retroactively, and accordingly could not be levied on sales occurring or services rendered prior to November 13, 1980, the effective date of the ordinances.[1] In all other respects, the appeal was dismissed and the ordinances were found to be valid and enforceable.

The taxpayers appealed to the Superior Court of Pennsylvania from the aforesaid order. Because we have exclusive jurisdiction over this matter,[2] the Township of North Huntingdon filed an appeal to this Court, and caused the taxpayers' appeal to be transferred here from the Superior Court.[3] Subsequently, the Township withdrew its appeal; accordingly, the matter is now before us on the taxpayers' appeal from the lower court's decision.

The appellants first attack the sufficiency of the Township's notice of its intention to adopt the Mercantile Tax Ordinance. They contend that the notice does not comply with the advertising requirements of Section 4 of The Local Tax Enabling Act,[4] and that, therefore, the ordinance was invalidly enacted. Section 4 of the Act provides, in pertinent part:

Prior to the passage of any ordinance or the adoption of any resolution imposing a tax or license fee under the authority hereunder granted, such political subdivision shall give notice of the intention to pass such ordinance or adopt such resolution. *Such notice shall be given in*

---

[1] Section 6 of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6906, provides that no tax levied for the first time by any political subdivision to which the act applies may go into effect until thirty days from the time of the adoption of the ordinance levying the tax.

[2] Section 762(a)(4)(i)(A) of the Judicial Code, 42 Pa. C. S. §762(a)(4)(i)(A).

[3] *See*, Section 705 of the Judicial Code, 42 Pa. C. S. §705.

[4] 53 P.S. §6904.

*addition to all other notices required by law to be given and shall set forth the substantial nature of the tax or license fee to be imposed by the proposed ordinance or resolution, the reason which, in the judgment of the officials of the subdivision, necessitates the imposition of the tax, and the amount of revenue estimated to be derived from the tax.* Publication of such notice shall be made by advertisement once a week for three weeks in a newspaper of general circullation within such political subdivision if there is such newspaper and, if there is not, then such publication shall be made in a newspaper of general circulation within the county in which the advertising political subdivision is located. (Emphasis added.)

The advertisement of intention to adopt the Mercantile Tax Ordinance states:

PUBLIC LEGAL NOTICE
ADVERTISEMENT OF INTENTION TO ADOPT PROPOSED ORDINANCE NO. 10 OF 1980, BEING A MERCANTILE TAX ORDINANCE

The Board of Commissioners of the Township of North Huntingdon intends to adopt Proposed Ordinance *No. 10 of 1980,* being an ordinance to provide revenue for the Township by imposing a Mercantile Tax on persons engaged in certain occupations and businesses in the Township; providing for its levy and collection and for the issuance of Mercantile Licenses; conferring and imposing powers and duties on the collector of the Mercantile Tax and imposing penalties and a Mercantile License fee in the amount of Five ($5.00) Dollars; and a one (1) mill tax on retail vendors or dealers in goods, wares and merchandise; and a zero (0) mill tax

on wholesale vendors or dealers in goods, wares, and merchandise; said tax being imposed because of the very great need to raise additional revenues for the General Fund of the Township and in order to hopefully avoid any necessity for raising Real Estate Taxes; and for the further reason that the economic projections indicate that wage tax collections will decrease; the amount of revenue estimated to be derived from this tax is $135,000.00 and $2,500.00 for the Mercantile License Fees.

A copy of said Proposed Ordinance *No. 10 of 1980* may be viewed at the Town House, 11279 Center Highway, North Huntingdon, Pennsylvania during regular business hours from 8:00 a.m. to 5:00 P.M. and a copy thereof may be obtained by ordering 24 hours in advance through the Township Secretary and at the standard charge for copies.

This advertisement of intention to adopt a Mercantile Tax Ordinance is given in compliance with 53 P.S. Section 6904, 1965 Dec. 31 P.L. 1257, Section 4; 1967, Oct. 9, P.L. 361, Section 1.

The above proposed ordinance will be presented to the Board of Commissioners of the Township of North Huntingdon for adoption at a Special Meeting of the Board of Commissioners of the Township of North Huntingdon to be held on Monday, the 13th day of October, 1980 at 7:30 o'clock P.M. Prevailing Time. [sic] at the Town House, 11279 Center Highway, North Huntingdon, Pa. 15642.

This advertisement indicates the amount to be charged for a Mercantile License, the nature of the tax, and the rate thereof. We therefore conclude that the advertisement adequately sets forth the substantial nature of the tax to be imposed by the ordinance. The notice

identifies the reason necessitating the imposition of the tax, and the amount of revenue estimated to be derived therefrom. Publication of the notice was made on September 22, September 29, and October 6, 1980. The Township, in advertising its intention to adopt Ordinance No. 550, complied in all respects with the requirements of Section 4 of the Act, and provided sufficient notice to the public of the essential elements of the ordinance.

The appellants next challenge the constitutional validity of the Mercantile and Business Privilege Tax Ordinances. Initially, they maintain that the duties imposed under both ordinances are uncertain, indefinite, and vague. We disagree. As the following indicates, each ordinance, when read in its entirety, clearly defines the persons and transactions subject to the mercantile and business privilege taxes.

Section IV(a) of the Mercantile Tax Ordinance (Ordinance No. 550) provides that "[w]holesale vendors or dealers in goods, wares, and merchandise" shall pay a mercantile tax at the rate of zero (0) mills "on each dollar of the volume of the annual gross business transacted." "Wholesale vendor" or "wholesale dealer" is defined in Section I(b) as "any person who sells to dealers in, or vendors of, good, wares and merchandise and to no other person, but shall include any merchandise broker, factor and commission worker." Section IV(b) imposes the tax upon retail vendors or dealers at the rate of one (1) mill "on each dollar of the volume of the annual gross volume of business transacted." "Retail dealer" or "retail vendor" is defined by Section I(c) as "any person who is a dealer in or vendor of goods, wares and merchandise who is not a wholesale dealer or vendor." "Gross volume of business" includes both cash and credit transactions (Section I(g)), and is defined in detail in Section IV (A) of the Addendum to the ordinance. The tax is not

levied on the dollar volume of business derived from the resale of goods taken as a trade-in or as part payment for other goods, except to the extent that the resale price exceeds the trade-in allowance (Section IV (d)).[5]

Section III of the Business Privilege Tax Ordinance (Ordinance No. 551) imposes the tax upon every person engaging in any business in the Township at the rate of 1.5 mills on each dollar of the volume of the gross annual receipts therefrom. "Business" is defined by Section II(c)(2) as follows:

> "Business"—carrying on or exercising whether for gain or profit or otherwise within the Township of North Huntingdon any trade, business, including but not limited to financial business as hereinafter defined, profession, vocation, service, construction, communication or commercial activity, making sales to persons or rendering services from or attributable to a Township of North Huntingdon office or place of business.

Section II(c)(2) excludes from the imposition of the tax, *inter alia,* any business transaction which is subject to the Mercantile Tax. "Gross receipts" and the exclusions therefrom are defined by Section II(f), and Section IV prescribes the method for computing gross annual receipts.

The appellants further submit that the Mercantile Tax Ordinance violates the uniformity requirement of Article VIII, §1 of the Pennsylvania Constitution, which provides, "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."[6] In this regard, the

---

[5] This section of the ordinance is in compliance with Section 8 of The Local Tax Enabling Act, 53 P.S. §6908.

[6] Pa. Const. art. VIII, §1.

appellants maintain that the mercantile tax is discriminatory, because retail vendors are taxed at the rate of one (1) mill, whereas wholesale dealers are subject to a zero (0) mill tax.

The uniformity clause does not prohibit the creation of different classifications for the purpose of taxation. *Gilbert Associates, Inc. v. Commonwealth,* 53 Pa. Commonwealth Ct. 142, 418 A.2d 783 (1980). This provision requires only that the classification of taxpayers subject to a specified tax must be reasonable, with substantial equality of the tax burden upon all members of the same class. *Carl v. Southern Columbia Area School District,* 41 Pa. Commonwealth Ct. 527, 400 A.2d 650 (1979). Classification for the purpose of taxation may be based, *inter alia,* upon the existence of differences recognized in the business world. *Aldine Apartments, Inc. v. Commonwealth,* 39 Pa. Commonwealth Ct. 204, 395 A.2d 299 (1978), *aff'd,* 493 Pa. 480, 426 A.2d 1118 (1981).

The burden of showing that a classification clearly, palpably, and plainly violates a constitutional provision is on the party challenging the classification. *Commonwealth v. Life Assurance Co. of Pennsylvania,* 419 Pa. 370, 214 A.2d 209 (1965). In our judgment, the appellants here have failed to meet this burden. The difference between a wholesale dealer, who sells commodities in quantity for resale, and a retail vendor, who sells goods to the ultimate consumer, is a genuine distinction recognized in the business world. We cannot say that the separate classification of whoesalers and retailers under the North Huntingdon Township Mercantile Tax Ordinance is arbitrary or unreasonable. *See, Allentown School District Mercantile Tax Case,* 370 Pa. 161, 87 A.2d 480 (1952). Furthermore, the tax is applied uniformly within each class of subjects: a one (1) mill tax is imposed on retail vendors, and a zero (0) mill tax is imposed on wholesale vendors.

172

The Township has attempted to challenge the lower court's ruling that neither the mercantile tax nor the business privilege tax may be levied on sales occurring and services rendered prior to November 13, 1980. This issue, however, is not properly before us: having withdrawn its appeal from the decision of the court below, the Township is precluded from presenting this question. To hold otherwise would afford appellee the opportunity to obtain reversal of a ruling it has not appealed. *Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association,* 453 Pa. 124, 306 A.2d 881 (1973). *See also, Coleman v. Stevenson,* 20 Pa. Commonwealth Ct. 498, 343 A.2d 375 (1975).

For the foregoing reasons, we affirm the decision of the court below.

ORDER

AND Now, the 15th day of June, 1982 the order of the Court of Common Pleas of Westmoreland County entered in the above-captioned matter, dated December 15, 1980, is hereby affirmed.

Judges MENCER and PALLADINO did not participate in the decision in this case.