## Masitis Estate

*Robert S. Englesberg, deputy attorney general,* for the commonwealth.
*John H. Evans Jr.,* for the estate.

FRAMPTON, *J.,* July 30, 1986—This case comes before the court on an appeal of inheritance tax assessment relative to the estate of Rose Masitis. Ms. Masitis died testate and without issue on August 11, 1982. Decedent's will was entirely revoked by obliterations except that the named executor was appointed to execute the estate.

Before the tax on the estate became due, and before the estate assets were distributed, Mr. Edward Lockiec commenced an action against the executor of the estate for declaratory judgment stating that Mr. Lockiec was the common law spouse of decedent. That action was filed on January 31, 1983. This court found that Mr. Lockiec was not Ms. Masitis's husband and the Pennsylvania Superior Court affirmed our decision by order of April 19, 1985.

While Mr. Lockiec's case proceeded, the executor did not pay the inheritance tax because the outcome of the suit had a direct bearing on which tax rate applied. If Mr. Lockiec were found to be decedent's husband, the applicable rate would be 6 percent of the value of the estate.[1] If, however, he were not the husband, the property would be distributed to dece-

1. Act of December 29, 1967, P.L. 915.

dent's sister and niece, and the appropriate tax rate would be 15 percent.[2]

The narrow question presented in this case is what interest rate should be applied to a delinquent tax liability when the delinquency was the result of a suit which leaves open the question of what the applicable tax rate will be. The executor of the estate contends that section 2845-717 of the Inheritance and Estate Tax Act of 1961[3] governs, and that the earned interest rate should be the applicable interest rate since it is lower than the interest rate provided for by statute.[4] The commonwealth believes that the estate does not qualify for the lower interest rate.

We are inclined to accept the executor's position because we believe that section 2485-717 of the Inheritance and Estate Tax Act of 1961 governs and because the specific clause relating to payment not made pending the outcome of litigation applies. That section provides in part:

". . . When payment of inheritance tax is not made because of litigation or other unavoidable cause of delay, and the property on which the tax has been calculated has remained in the hands of a fiduciary and has not produced a net income of 6

---

2. Act of June 15, 1961, P.L. 373, Art. VII, §404, 72 P.S. §2485-404.

3. Id. at section 717, 72 P.S. §2485-717. The more recent Inheritance and Estate Tax Act was enacted after decedent's death, and therefore, is not applicable. See sections 3 and 4 of the Act of December 13, 1982, P.L. 1086.

4. The Act of April 8, 1982, P.L. 258, as amended by the Act of December 9, 1982, P.L. 1057, 72 P.S. §806 established a uniform interest rate for all taxes due the Commonwealth. The act was made retroactively effective to all taxes becoming due on or after January 1, 1982.

percent annually, interest for such period shall be calculated at the rate of the net income produced by the property . . ." Act of June 15, 1961 P.L. 373, Art. VII section 717, 72 PS. §2485-717.

There is no dispute that the actual earned intrest rate was less than the statutory rate. The commonwealth only disputes whether or not this statutory provision is applicable to this case.

Although we can find no case law specifically interpreting the 1961 provision at issue, we find guidance in the 1963 report of the Joint State Government Commission which states:

"The term 'litigation or other unavoidable cause of delay' is found in existing law, and is interpreted to require good-faith litigation arising from an honest disagreement." (Citing *Husband's Estate*, 316 Pa. 361, 175 Atl. 503 (1934). An excerpt of the commission's report may be found accompanying the text of the statute at 72 P.S. §2485-717).

In *Husband's Estate*, supra, the administratrix of the decedent' estate filed suit contesting the commonwealth's assessment of tax on certain property. The Pennsylvania Supreme Court held that the property was taxable, but it also held that the lower interest rate should apply because that litigation was the sort of litigation envisaged by the legislature.

In the instant case the question was not whether any tax was owed on the estate property but rather, how much tax was owed. We do not believe that this distinction should produce a different result from that obtained in *Husband's Estate*, supra. An Arkansas Supreme Court case, *State v. Lane*, 134 Ark. 71, 203 S.W. 17 (1918), was cited with approval by the Pennsylvania Supreme Court in *Husband's Estate*, supra, for the proposition that a proceeding

by executors to ascertain the amount of inheritance tax due did not constitute delay for which a penalty should be imposed.

The language of the statute and the Pennsylvania Supreme Court's opinion in *Husband's Estate* indicate that as long as the litigation arose from a good-faith dispute section 2485-717 would apply. In the case of the *Masitis* estate the suit was not brought by the executor but rather against the executor by a third party. The executor was obligated to defend the action. Also the outcome of the suit would have a direct bearing on the amount of inheritance tax due. We believe that this litigation falls within the language of the statute cited above.

The commonwealth's position is that the executor should have paid a tax equal to 6 percent of the estate and deferred payment of an additional amount, if appropriate, pending outcome of the lawsuit. Because the executor failed to do this, the commonwealth believes the executor may not enjoy the more advantageous interest rate found in section 2485-717 of the act. Nothing we have found either in the case law or in the statute supports this position.

It is sufficient for us, that the statute's language may be read to encompass the instant case. It is the policy of the courts of this commonwealth to construe strictly the language of tax statutes and to resolve all doubt in favor of the taxpayer. The doctrine has been applied to the Inheritance and Estate Tax Act with which we are presently concerned. *Estate of Carlson*, 479 Pa. 421, 388 A.2d 726 (1978). Consequently, we 'hold that' the tax applicable to the estate assets which remained in the hands of the fiduciary ($23,229.12) shall accrue interest at the rate which the sum actually earned.

The uniform interest rate for taxes due the commonwealth[5] is established annually by the Secretary of the Treasury and published in the Pennsylvania Bulletin. For the years relevant to this controversy the tax rates are as follows:

| 1983 | 16%[6] | 1985 | 13%[8] |
|------|--------|------|--------|
| 1984 | 11%[7] | 1986 | 10%[9] |

In the present appeal the evidence revealed that $3,378.88 of the estate assets did not remain in the hands of the executor. This sum is not entitled to the more favorable treatment of section 2485-717 of the Inheritance Tax, since that provision applies only to assets which remain in the hands of the fiduciary. Therefore, this sum shall be assessed interest at the uniform interest rates.

Hence this

### ORDER

And now, July 30, 1986, the appeal of the Estate of Rose Masitis to the Pennsylvania Department of Revenue's notice of inheritance tax appraisement, allowance or disallowance of deductions, and assessment of tax dated November 19, 1985, is sustained and the delinquent tax applicable to the estate of Rose Masitis shall accrue interest at rates consistent with this opinion. That is, the funds which remained in the hands of the fiduciary ($23,229.12) shall accrue interest at the earned rates, funds which did not so remain ($3,378.88) shall accrue interest at the uniform rate applicable to all taxes due the commonwealth pursuant to 72 P.S. §806.

---

5. Id.
6. 13 Pa. B. 1611
7. 13 Pa. B. 3605
8. 14 Pa. B. 4097
9. 15 Pa. B. 3984