637 A.2d 703

George MANDL, individual, trading as Mandl's Bakery; Jenny Lee Bakery, Inc.; Potomac Bakery (Sub–Chapter S Corp.); Smith's Bakery, Inc.; Danity Pastry Shoppe, Inc.; Dalo's Bakery, Inc.; Volz and Company, Inc., trading as Rilling's Bucks County Bakery; Weinrich's, Inc.; Key Bake, Inc.; Pennsylvania Bakers Association; Retail Master Bakers Association of Western Pennsylvania; and Master Bakers Business Association of Philadelphia, Petitioners,

v.

COMMONWEALTH of Pennsylvania; Department of Revenue of the Commonwealth of Pennsylvania; Department of Justice, Office of Attorney General of the Commonwealth of Pennsylvania, Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Jan. 26, 1994.

Robert H. Maurer, for petitioners.

Bart J. DeLuca, for respondents.

Before DOYLE and SMITH, JJ., and DELLA PORTA, Senior Judge.

SMITH, Judge.

Before the Court is Petitioners' motion for post-trial relief from this Court's amended order of April 13, 1993 which

denied their request for declaratory judgment and dismissed their petition for review based upon the Court's February 19, 1992 opinion regarding the denial of Petitioners' petition for special and summary relief.[1]   The Court determined, in pertinent part, that Petitioners failed to prove that certain provisions of the Act of August 4, 1991 (Act 22), P.L. 97, amending Sections 201 and 601–606 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7201, 7601–7606, violate the uniformity clause of the Pennsylvania Constitution and the equal protection clause of the Fourteenth Amendment to the United States Constitution.

## I.

Section 201 of the Code provides the applicable sales and use tax provisions which exclude from taxable sales all transfers for the purposes of "manufacture" and "processing." Section 1 of Act 22 amended Section 201(c) and (d)(1) of the Code, 72 P.S. 7201(c), (d)(1).   In effect, Act 22 uniformly denies the manufacturing exclusion for sales and use tax to wholesale and retail bakers while granting the processing exclusion to wholesale bakers only.   Section 201(c) and (d)(1) provides in pertinent part:

(c) **"Manufacture."**

. . . . .

The term "manufacture," shall not include ... *the cooking, freezing or baking of fruits, vegetables, mushrooms, fish, seafood, meats, poultry or bakery products.*

(d) **"Processing."**   The performance of the following activities when engaged in as a business enterprise:

(1) The cooking, *baking* or freezing of fruits, vegetables, mushrooms, fish, seafood, meats, poultry *or bakery products,* when the person engaged in such business packages such property in sealed containers for wholesale distribution.   (Emphasis added.)

---

1.   Petitioners are retail bakers and trade associations, representing the interests of retail bakers, licensed and operating in Pennsylvania.

The parties submitted to the Court a partial stipulation of facts with exhibits attached. The stipulation provided, inter alia, that the "1991 Red Book" published by the Gorman Publishing Company, Chicago, Illinois, is a well-known annual publication for the baking industry which identifies and contains operating information about individual wholesale and retail bakers located in Pennsylvania. Further, the parties marked pertinent parts of the 1991 Red Book, Bakery Production and Marketing, Vol. 26, No. 6, as Exhibit C and attached the exhibit to the stipulation.

Petitioners presented the testimony of four bakers who identified themselves as retail bakers and established that their respective bakeries were not eating establishments; the imposition of a six percent sales tax on their baked goods caused their prices to be higher than the prices of products made by wholesale bakers; and they compete with wholesale bakers for business.[2] The retail bakers agreed that wholesale bakeries produce basically the same products that retail bakers produce with the exception of wedding cakes. Although one retail baker testified that he never sold his products at wholesale, another retail baker testified that thirty-five percent of his products are sold at wholesale and that he could sell more at wholesale if he had additional accounts.

The Petitioners also presented the testimony of Harry P. Wulff, the vice president of technical service for Dawn Food Products which sells prepared ingredients to wholesale and retail stores in packaged form, and Thomas Muller, the director of bakery sales and operations for Giant Food Stores. Wulff testified that although wholesale and retail bakeries employ the same baking principles, small retail shops are far less automated than large wholesale plants; and that most wholesale bakers sell their products in sealed containers

2. At this juncture in the litigation, questions regarding the constitutionality of provisions of Act 22 which imposed sales tax on food purchased from a bakery, pastry or donut shop and sales tax imposed upon the sale of baked desserts were issues in the case. However, these issues were declared moot by order of this Court dated January 16, 1992, pursuant to the Legislature's enactment of House Bill 1321, Printer's No. 2877, known as "Act 40 of 1991."

whereas retail bakers do not. Muller testified regarding the operations of bakeries in supermarkets and stated that a supermarket bakery differs from a retail bakery in that sixty percent of its products come from a blended mix, twenty-five to thirty percent are frozen dough applications, and a small percentage are commercially produced, boxed, and sold under the supermarket's name.

Daniel Curtis testified for the Commonwealth and stated that he is the president and chief executive officer of City Pride Bakery which is a start-up bakery in Pittsburgh, Pennsylvania. City Pride Bakery is in the process of relocating from San Jose, California, and will operate as a wholesale plant employing approximately 250 people. He testified that wholesale bakers usually locate their plants near a network of highways so they can transport their goods through a distribution network. A wholesale bakery may be located 300 miles from their customers while retail bakeries are located in neighborhoods close to their customers. He compared the number of people employed by wholesale bakeries, between 350 to 1000 people per bakery, to the number employed by retail bakeries, between 4 to 19 people per bakery. He further testified that the industry was undergoing change and that a wholesale bakery could relocate for many reasons including availability of transportation and tax advantages.

## II.

The Court found that wholesale bakers generally employ far more people than retail bakers and may be subject to inducements such as tax-exempt status to relocate within the Commonwealth. Further, the Court held that the classification in this case does not violate the uniformity clause of the Pennsylvania Constitution or the equal protection clause of the Fourteenth Amendment to the United States Constitution because there is a legitimate distinction between wholesale and retail bakers. That distinction provides a nonarbitrary, reasonable and just basis to grant a processing exclusion for sales and use tax to wholesale and not retail bakers since it seeks to

encourage wholesale bakers to relocate within the Commonwealth, thus providing jobs and tax revenues.

In their motion for post-trial relief, Petitioners argue that the cases the Court relied upon are factually distinguishable; the Court erred in determining that the Legislature can "arbitrarily pick and choose" what tax benefits are going to apply based upon the size of a production facility, the number of employees, and the manner in which products are merchandized; and the Court erred in determining that wholesale bakers employ far more people than retail bakers. In addition, Petitioners argue that the Court failed to find that wholesale bakers are not functionally different than retail bakers; wholesale bakers sell substantial quantities of baked foods at retail and retail bakers sell portions of their production at wholesale; a small baker is just as much a manufacturer as a large baker and is therefore entitled to equal treatment and benefits; and the legislature's act of changing the classification of bakers from "manufacturers" and redefining only wholesale bakers as "processors" is arbitrary and constitutes discrimination.

The Legislature possesses wide discretion in matters of taxation, *Leonard v. Thornburgh*, 507 Pa. 317, 489 A.2d 1349 (1985); *Aldine Apartments, Inc. v. Commonwealth*, 493 Pa. 480, 426 A.2d 1118 (1981); and tax enactments are presumed constitutionally valid and the person challenging the tax has the burden of proving invalidity. *Leventhal v. City of Philadelphia*, 518 Pa. 233, 542 A.2d 1328 (1988). In exercising its taxing power, the Legislature is subject to requirements of the uniformity and equal protection clauses which mandate that classifications in a taxing scheme contain a rational basis. *Id.* However, absolute equality is not required. *Leonard,* 507 Pa. at 321, 489 A.2d at 1352. The test is whether the classification is based upon a legitimate distinction which provides a nonarbitrary and "reasonable and just" basis for different treatment. *Id.*

Contrary to Petitioners' argument, the focus of Act 22 is not on the size of the bakery but rather the method by which a bakery operates and merchandises its products. The

difference between a wholesale dealer and a retail vendor has been recognized as a genuine distinction acknowledged in the business world and found to be a nonarbitrary and reasonable classification for purposes of taxation. *Allentown School Dist. Mercantile Tax Case,* 370 Pa. 161, 87 A.2d 480 (1952); *D/K Beauty Supply, Inc. v. North Huntingdon Township,* 67 Pa.Commonwealth Ct. 163, 446 A.2d 986 (1982). In addition, the testimony of Petitioners' witnesses, the stipulation, and Exhibit C constitute substantial evidence to support the Court's finding that the distinction between wholesale and retail is a genuine distinction acknowledged in the baking community. Petitioners' witnesses admitted that they know the difference between a wholesale and retail bakery and identified themselves as retail bakers, and the parties stipulated to the authenticity of the 1991 Red Book which lists Pennsylvania bakeries according to their classification as either a wholesale or retail establishment.[3]

Further, this is not a case wherein the effect of a tax requires Petitioners to subsidize their competition in exchange for no observable benefit. *Leventhal; Allegheny County v. Monzo,* 509 Pa. 26, 500 A.2d 1096 (1985). Here, Petitioners recognize that it is "legislatively appropriate" to grant tax incentives to attract big business in order to create jobs and that "more jobs mean potentially new and perhaps more economic growth in any community serving as the base for such employment opportunities and, in turn, enhancement of any customer base for all retail establishments, including retail bakeries." Petitioners' Brief, p. 34. With respect to Petitioners' argument that the Court erred in determining that wholesale bakers employ more people than retail bakers, the Commonwealth's witness testified as to the elaborate

---

**3.** Other classifications which have been deemed reasonable include taxing schemes which differentiate between residential utility services and commercial utility services, *Summit House Condominium v. Commonwealth,* 514 Pa. 221, 523 A.2d 333 (1987); common carriers and contract carriers, *Commonwealth v. Lafferty,* 426 Pa. 541, 233 A.2d 256 (1967); and candy purchased from a vending machine and candy purchased at a supermarket. *CRH Catering Co., Inc. v. Commonwealth,* 104 Pa.Commonwealth Ct. 91, 521 A.2d 497 (1987) *reversed in part on other grounds,* 114 Pa.Commonwealth Ct. 514, 539 A.2d 38 (1988).

distribution system which wholesale bakers use to transport their goods to their markets, and compared the number of employees a wholesale baker might employ with the number a retail baker might employ. Thus, the Court's determination that wholesale bakers employ far more people than retail bakers is supported by the evidence.

Although Petitioners argue at great length that all bakers are and should be classified as manufacturers, at no point in these proceedings have they raised as an issue the question of whether Act 22 unconstitutionally discriminates against bakers as compared to other manufacturers. On the contrary, Petitioners have consistently maintained that the only issue before the Court was the disparate treatment between retail and wholesale bakers as wholesale bakers are granted a processing exemption while retail bakers are not.[4]

Upon further review in this matter, this Court finds no basis to support Petitioners' contentions of error as the record demonstrates that the taxing classification challenged by Petitioners is based upon a legitimate distinction which shows a nonarbitrary, reasonable and just basis for the grant of a processing exclusion to wholesale and not retail bakers. Therefore, Petitioners' motion for post trial relief is denied, and the Court's decision to deny Petitioners' request for declaratory judgment and to dismiss their petition for review is affirmed.

## ORDER

AND NOW, this 26th day of January, 1994, Petitioners' motion for post trial relief is denied, and the Court's April 13,

---

**4.** In its opinion issued on February 19, 1992, the Court dismissed Petitioners' argument that Act 22 amended Sections 601–606 of the Code involving the capital tax provisions. Although Petitioners do not challenge the Court's determination that the capital tax provisions of the Code were not amended by Act 22, Petitioners argue they fear their status as a manufacturer under the capital tax and other taxing schemes will be questioned in the future. However, this Court need not further address this argument because Petitioners' fears as to further legislation does not present this Court with a justiciable case or controversy. *See Zinc Corp. of America v. Department of Environmental Resources*, 145 Pa.Commonwealth Ct. 363, 603 A.2d 288 (1992), *aff'd*, 533 Pa. 319, 623 A.2d 321 (1993).

1993 decision denying Petitioners' request for declaratory judgment and dismissing their petition for review is affirmed.

DOYLE, J., dissents.