**ADELPHIA HOUSE PARTNERSHIP, Joseph Eisenstadt, Partner, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

**SYLVANIA HOUSE PARTNERSHIP and Joseph Eisenstadt, Partner, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1998.

Decided Oct. 21, 1998.

Steven R. Sosnov, Norristown, for petitioners.

Karen M. Gard, Harrisburg, for respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and LEADBETTER, JJ.

COLINS, President Judge.

Adelphia House Partnership, Sylvania House Partnership, and Joseph Eisenstadt,

partner in both partnerships (collectively, Taxpayers), filed exceptions to the opinion of the Commonwealth Court of Pennsylvania, *Adelphia House Partnership v. Commonwealth,* 709 A.2d 967 (Pa.Cmwlth.1998). In that opinion, we affirmed the denial of the Taxpayers' request for a refund of sales tax paid on their purchase, as landlords, of utilities provided to residential tenants as part of their monthly rental payments.

The facts of this case, as recited in that opinion, are as follows:

> Taxpayers own and operate two separate apartments [sic] buildings in Philadelphia—Sylvania House and Adelphia House. Each building contains commercial units, residential units and common areas. Residential tenants pay a monthly rental fee that includes all utilities. To provide utilities to tenants in its [sic] buildings, Taxpayers purchase electricity from Philadelphia Electric Company and natural gas from Philadelphia Gas Works in bulk. The purchase of these utilities by Taxpayers is taxed at a rate of six percent pursuant to Section 202 of the Tax Reform Code of 1971 (Tax Code), 72 P.S. § 7202.

*Id.* at 968 (footnotes omitted).

We concluded that Section 204(5) of the Tax Reform Code of 1971 (Tax Code),[1] when read in pari materia with Section 201(m),[2] exempts a taxpayer from the sales and use tax on the purchase of utilities for residential use only if that taxpayer is the direct user of the utilities. Section 202 of the Tax Code imposes the six-percent sales and use tax on each retail sale of tangible personal property or services. 72 P.S. § 7202. Section 201(m) defines "tangible personal property" as

> Corporeal personal property, including but not limited to, goods, wares, merchandise, steam and natural and manufactured and bottled gas for non-residential use, electricity for non-residential use . . . .

72 P.S. § 7201(m). Section 204(5) of the Tax Code, entitled "Exclusions from Tax," provides that the tax shall not be imposed upon "[t]he sale at retail or use of steam, natural and manufactured and bottled gas, fuel oil,

electricity . . . when purchased directly by the user thereof solely for his own residential use." 72 P.S. § 7204(5).

Among other objections, the Taxpayers in their exceptions contend that we erred in failing to hold that steam, gas, and electricity purchased for residential use are not tangible personal property subject to sales and use tax, and in not doing so that we failed to give the Tax Code its clear meaning, as amended by the General Assembly in 1991.

Our opinion in *Adelphia House* expressly holds that the Taxpayers' purchase of utilities for use by residential tenants is a "non-residential" use. *Adelphia House,* 709 A.2d at 971. The Supreme Court's opinion in *Aldine Apartments, Inc. v. Commonwealth,* 493 Pa. 480, 426 A.2d 1118 (1981), established that a landlord's purchase of utilities on behalf of its residential tenants, where the purchase price is included in the rental price of the residential units, does not constitute a residential use. As such, utilities purchased for non-residential use are taxable under Section 202 of the Tax Code, as quoted above, regardless of the availability or applicability of any exception or exclusion for residential purchasers and/or uses.

*Aldine Apartments* may be old law, but it is still good law. In its 1987 opinion in *Summit House Condominium v. Commonwealth,* 514 Pa. 221, 523 A.2d 333 (1987), the Supreme Court reiterated that *Aldine Apartments* established that a landlord's purchase of utilities for use by residential tenants constitutes a commercial purpose. The court distinguished *Aldine Apartments* when it ruled that the condominium management and council were essentially the alter ego of the individual residential owners and that purchases of utilities made by the condominium council were in fact equivalent to the individual residential unit owners having purchased the utilities directly for their own use. Contrary to the Taxpayers' argument, *Summit House* did not signal a departure from the Court's strict interpretation in *Aldine Apartments.* The General Assembly's amendment of the Tax Code in 1991 had no effect on the vitality of these cases.

---

**1.** Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7204(5).

**2.** 72 P.S. § 7201(m).

Based on the thorough and well-stated opinion of Judge Pellegrini in *Adelphia House,* we overrule all exceptions and affirm this Court's order. Judgment shall be entered in favor of the Commonwealth.

### ORDER

AND NOW, this 21st day of October, 1998, the Taxpayers' exceptions are overruled, and this Court's March 12, 1998 order in the above-captioned matter is affirmed. The Chief Clerk is directed to enter judgment in favor of the Commonwealth.